BRYAN, Justice.
Mike Grant, Barry Leake, Scott Schu-macher, and Diane Schumacher (referred to collectively hereinafter as “the plaintiffs”) appeal a summary judgment entered in favor of Breland Homes, LLC (“Bre-land”), and D.R. Horton, Inc.-Huntsville (“Horton”). For the reasons set forth herein, we dismiss the plaintiffs’ appeal.

Facts and Procedural History

The Reserve is a subdivision in Madison County that comprises four smaller communities or subdivisions. One of the subdivisions or communities within The Reserve is named Oak Grove. Each of the four plaintiffs owns a house in Oak Grove, and all four are members of The Reserve Subdivision Home Owners’ Association (“the HOA”). Gulf Coast Development, LLC (“Gulf Coast”), is the original owner and developer of The Reserve. On or about May 12, 2005, a “Declaration of Protective Covenants for The Reserve Subdivision” (“the Declaration”) was filed in the Madison Probate Court by Gulf Coast, the declarant. The Declaration provides, in part:
“No exterior construction, addition, erection, or alteration shall be made unless and until plans ... have been submitted in writing to and approved by an Architectural Review Committee (‘ARC’) established by the Board [of Directors of the HOA]....
“... The Architectural Review Committee shall be the sole arbiter of such plans and may withhold approval for any reason, including purely aesthetic considerations, and it shall be entitled to stop any construction in violation of these restrictions.”
The Declaration also contains provisions that leave certain powers to Gulf Coast, as the declarant. For example, the Declaration provides that Gulf Coast may unilaterally amend the Declaration for any purpose, so long as Gulf Coast has the right to subject additional property to the Declaration and the amendment does not adversely affect the title of an owner of a lot in The Reserve. Further, the Declaration provides that Gulf Coast, so long as it has the option to subject additional property to the Declaration, may, “in the exercise of its discretion, permit deviations from the restrictions contained in this Declaration, the by-laws, the rules and regulations, the use restrictions, and the design guidelines.”
*393 In August 2012, Horton purchased the assets of Breland, including lots 13 and 26 in Oak Grove. Pursuant to a licensing agreement, Horton acquired the right to use the trade name “Breland Homes.” On September 14, 2012, Horton, doing business under that trade name, submitted an application for construction-design review to The Reserve Architectural Review Committee (“the ARC”) concerning lot 13 in Oak Grove. On October 10, 2012, the chair of the ARC notified Horton that the plan submitted with its application “was not approved for construction” because it was not aesthetically comparable to other houses in Oak Grove. The ARC informed Horton that it was recommending “an immediate cease construction order.” Horton responded by stating that, given that the ARC had previously approved the same construction plan, Horton planned to proceed with the construction plan submitted. On October 12, 2012, the advisory board of directors of the HOA sent a letter demanding that Breland Homes cease further construction activity on lot 13 in Oak Grove.
On or about October 9, 2012, Horton, doing business under the trade name “Bre-land Homes,” submitted an application for construction-design review to the ARC regarding lot 26 in Oak Grove. On October 24, 2012, the advisory board of the HOA sent a letter to Horton demanding that it cease construction activity on lot 26 until the ARC approved its application. On November 2, 2012, the ARC notified Horton that it had not approved its construction application for lot 26 because, among other reasons, it was not aesthetically similar to other houses in Oak Grove.
On November 5, 2012, Jeff Enfinger, the manager of Enfinger Steele Development, LLC, the controlling member of Gulf Coast, informed the ARC and the HOA that the construction applications submitted by Horton complied with the covenants and restrictions in the Declaration and that the houses being built on lots 13 and 26 were “much bigger” than the restrictions required and approved the construction applications for lots 13 and 26.
On November 13, 2012, the plaintiffs filed a complaint against Breland, Gulf Coast, and the HOA seeking a judgment declaring that Gulf Coast did not have power to “veto” the actions of the ARC, that Breland was in violation of the protective covenants in the Declaration, and that “the Board has the power to take action as it deems necessary to remedy such violations.” On the same date, the plaintiffs filed a motion for a temporary restraining order and a preliminary injunction. The plaintiffs requested that the trial court enter an order pursuant to Rule 65(b), Ala. R. Civ. P., “enjoining and restraining ... Breland ... from continuing construction on Lots 13 and 26 in The Reserve Subdivision, Oak Grove Subdivision,” and, after a hearing, “make the relief granted in this Court’s temporary restraining order extend to a preliminary injunction and a permanent injunction.”
On January 3, 2013, Gulf Coast filed an amendment to the Declaration in the Madison Probate Court. The amendment stated, among other things:
“[T]he ARC shall have no authority to approve or disapprove the construction, alteration, addition, or erection of structures on Lots owned by Breland or Horton. The approval or disapproval of any such construction or improvements to be performed on Lots owned by Breland or Horton shall be exercised exclusively by [Gulf Coast] and the decisions of [Gulf Coast] with respect to Lots owned by Breland and Horton shall be final and binding on the Board [of Directors of the HOA], the ARC, and the Owners.”
*394 On January 4, 2018, the plaintiffs filed an amended complaint adding Horton as a defendant in their declaratory-judgment action, and on January 14, 2013, the plaintiffs filed an amended motion for a temporary restraining order and a preliminary injunction against Horton. After conducting a hearing, the trial court, on February 7, 2013, entered the following order denying the plaintiffs’ request for temporary injunctive relief:
“The court finds that Defendant Gulf Coast Development Company, LLC, based upon the Declaration of Protective Covenants admitted as plaintiffs’ Exhibit 1 allows for the Defendant Gulf Coast Development Company, LLC, to- amend the Declaration for any purpose without the consent of the homeowners. Furthermore, the Declarant may permit deviations from the restrictions contained in the Declaration or by-laws.
“Therefore, based upon this threshold determination, the Court finds that the plaintiffs are not entitled to their claim for injunctive relief.”
The plaintiffs filed a third amended complaint on February 20, 2013. The plaintiffs sought a judgment declaring that Gulf Coast does not have the power to veto the actions of the ARC; that Breland and Horton were in violation of the protective covenants in the Declaration; that the HOA Board has the power to remedy such violations; that the actions of Gulf Coast were unconscionable and in violation of mutually beneficial protective covenants and restrictions; that the January 3, 2013, amendment to the Declaration • is void; that Gulf Coast acted unreasonably by amending the Declaration; and that “the concerted scheme of [Gulf Coast], Breland, and Horton to file the ... amendment after the commencement of this declaratory judgment action constitutes a civil conspiracy.” The plaintiffs further sought a permanent injunction enjoining “the defendants ... from the continued construction of homes in the subdivision without ARC oversight.”
On March 20, 2013, Breland and Horton filed a motion for a summary judgment, arguing that a summary judgment in their favor was proper for primarily two reasons: (1) Gulf Coast, as the declarant in the Declaration, had the authority to grant a deviation from the restrictions contained in the Declaration, and (2) Gulf Coast had the power to,amend the Declaration for any purpose. Thus, they argued, a summary judgment should be entered in their favor for the same reason the trial court denied the plaintiffs’ request for temporary injunctive relief, i.e., that Gulf Coast acted within its authority either to grant a deviation from the restrictions in the Declaration or to amend the Declaration to remove Breland and Horton from ARC oversight and approval. Gulf Coast also filed a motion for a summary judgment adopting the arguments in Breland and Horton’s summary-judgment motion.
On the same date, the plaintiffs filed a motion for a summary judgment as to all claims pending against Breland, Horton, Gulf Coast, and the HOA. The trial court conducted a hearing on the pending summary-judgment motions, and, on July 23, 2013, the trial court entered an order stating:
“[T]he court is of the opinion that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law as to the claims asserted by the plaintiffs. Furthermore, the court finds that the plaintiffs are not entitled to judgment as a matter of law regarding their motion for summary judgment; therefore, the plaintiffs’ motion for summary judgment is denied.”
*395 The plaintiffs filed a motion for relief from judgment, purportedly pursuant to Rules 59(e) and 60(b)(6), Ala. R. Civ. P. Breland, Horton, and Gulf Coast filed a response to the plaintiffs’ motion and moved the trial court to certify the summary judgment in their favor as final pursuant to Rule 54(b), Ala. R. Civ. P.[1] On August 26, 2013, the trial court entered an order denying the plaintiffs’ motion for relief from judgment and certifying the summary judgment in favor of Breland and Horton only as final pursuant to Rule 54(b). Thereafter, the plaintiffs filed a notice of appeal naming Breland and Horton as the appellees.

Discussion

On appeal, the plaintiffs challenge the trial court’s denial of their motion for relief from judgment without a hearing; the trial court’s February 7, 2013, denial of their motion for injunctive relief; and the summary judgment entered in favor of Breland and Horton. However, we cannot consider the merits of those arguments because, we conclude, the trial court’s Rule 54(b) certification was improper and, thus, the plaintiffs’ appeal is due to be dismissed. See generally Fuller v. Birmingham-Jefferson Transit Auth., 147 So.3d 907, 915 (Ala.2013) (concluding that “the trial court’s certification of finality under Rule 54(b) is ineffective, and, there being no final judgment, both the appeal and cross-appeal are dismissed for lack of jurisdiction”).
“With respect to the finality of judgments adjudicating fewer than all claims in a case, Rule 54(b), Ala. R. Civ. P., provides:
“ ‘When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... [I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.’
“ ‘If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.’ Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007) (emphasis added). However, this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is ‘no just reason for delay.’ Rule 54(b); see also Scrushy v. Tucker, 955 So.2d 988, 996 (Ala.2006) (“Whether there was “no just reason for delay” is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.’).
“A trial court exceeds its discretion in determining that there is ‘no just reason for delay’ when ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudi *396 cation would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006) (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). See also Centennial Assocs., Ltd. v. Guthrie, 20 So.3d 1277, 1281 (Ala.2009) (‘ “It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998))).”
Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So.3d 419, 422-23 (Ala.2011).
In Smith v. Slack Alost Development Services of Alabama, LLC, 32 So.3d 556 (Ala.2009), Slack Alost sued Tony Smith and Albert Weems, alleging breach of contract for failing to complete their condominium purchase. Smith & Weems Investments, LLC, was added as a party because it was the entity' named in a standby letter of credit obtained as part of the contract for the purchase of a condominium unit. Slack Alost moved for a summary judgment against Weems, but not against Smith or Smith & Weems Investments. The trial court granted the motion and certified the summary judgment as final pursuant to Rule 54(b). Smith and Smith & Weems appealed. On appeal, this Court held:
“In the instant case, it is apparent that at least some of the issues presented in the still pending claim against Smith are the same as the issues presented in • the appeal now brought by Smith and Smith & Weems Investments. Weems and Smith are business partners accused of breaching the same real-estate contract, and ... Weems and Smith have both argued that Slack Alost never presented them with the original offering statement or the amended offering statement for the Bel Sole condominium development, in violation of § 35-8A-408. In Centennial Associates, Ltd.[ v. Guthrie, 20 So.3d 1277 (Ala.2009)] we stated that ‘ “[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ 20 So.3d at 1281 (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998)). Repeated appellate review of the same underlying facts would be a probability in this case, and, in light of this Court’s stated policy disfavoring appellate review in a piecemeal fashion, see Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004), we accordingly hold that the trial court exceeded its discretion in certifying the judgment entered against Weems as final pursuant to Rule 54(b).”
32 So.3d at 562-63.
In the present case, review of the nonfi-nal summary judgment in favor of Gulf Coast and of the summary judgment entered in favor of Horton and Breland that is before this Court on appeal requires resolution of the same threshold issue: whether Gulf Coast had authority to approve the construction applications for lots 13 and 26 in Oak Grove when the same applications had already been denied by the ARC. Horton, Breland, and Gulf Coast presented the same arguments in their summary-judgment motions and the same *397 defenses to the plaintiffs’ claims. Although the summary judgment in favor of Breland and Horton is before this Court on appeal, the summary judgment in favor of Gulf Coast is not. Because the threshold issue in the judgment before this Court is identical to the threshold issue in a claim still pending before the trial court, we conclude that the claims are “ ‘ “ ‘so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ ” Loachapoka Water Auth., 14, So.3d at 423 (quoting Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006)). Further, as in Smith, supra, “[r]epeated appellate review of the same underlying facts would be a probability in this case.” 32 So.3d at 562. Thus, “in light of this Court’s stated policy disfavoring appellate review in piecemeal fashion,” id. at 562-63, we conclude that the trial court exceeded its discretion in determining that there was no just reason for delay and in certifying as final pursuant to Rule 54(b) the summary judgment in favor of Horton and Breland. Accordingly, the plaintiffs’ appeal is dismissed. See Stephens v. Fines Recycling, Inc., 84 So.3d 867, 879 (Ala. 2011) (holding that the trial court’s Rule 54(b) certification was erroneous and concluding that, “[i]n the absence of a final judgment, this appeal is due to be dismissed”).
APPEAL DISMISSED.
MOORE, C.J, and BOLIN, MURDOCK, and MAIN, JJ., concur.

. The record demonstrates that the HOA was served with the plaintiffs’ complaint, that the HOA filed an answer to the plaintiffs’ complaint, and that no judgment disposing of the claims against the HOA had' been entered by the trial court.