Rel: 8/15/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

————————

### 1121380

————————

**Andrew J. Gentry III**

**v.**

**Daniel L. Lindsey, Sr., et al.**

**Appeal from Lee Circuit Court**
**(CV-11-0188)**

BRYAN, Justice.

Andrew J. Gentry III ("Drew Gentry") appeals the Lee Circuit Court's judgment dismissing his claims against Daniel Lindsey, Sr., Jackson Thornton & Co., P.C. ("Jackson Thornton"), Daniel Lindsey, Jr., Justin M. Parnell ("Matt Parnell"), Parnell & Crum, and Wilbur Investments, LLC

("Wilbur Investments"). For the reasons set forth herein, we conclude that the Rule 54(b) certification was improper, and we dismiss the appeal.

### Facts and Procedural History

In 1992, Andrew J. Gentry, Jr. ("Andy Gentry"), petitioned for bankruptcy, pursuant to Chapter 11 of the Bankruptcy Code. Andy Gentry hired Charles N. Parnell III ("Nick Parnell"), an attorney at Parnell & Crum, to represent him in the bankruptcy proceedings. Nick Parnell hired Daniel Lindsey, Sr., a certified public accountant with Jackson Thornton, to assist him. According to Drew Gentry, who is Andy Gentry's son, Andy Gentry suffered throughout his life from a mental illness, which, Drew Gentry argues, was not controllable by medication at the time of the bankruptcy proceedings. Drew Gentry argues that, at the time of the bankruptcy proceedings, Nick Parnell and Daniel Lindsey, Sr., knew of Andy Gentry's reduced mental capacity and also knew that Andy Gentry was terminally ill with AIDS. Andy Gentry died in 1995, while the bankruptcy proceedings were pending.

During the bankruptcy proceedings and prior to Andy Gentry's death, Nick Parnell and Daniel Lindsey, Sr.,

incorporated LeeCo Properties, Inc. ("LeeCo"), in the names of their minor sons, Matt Parnell and Daniel Lindsey, Jr.  Nick Parnell and Daniel Lindsey, Sr., persuaded Andy Gentry and the bankruptcy court to allow the transfer of certain real estate owned by Andy Gentry to LeeCo in return for either payment of the debts owed on those properties or the assumption of those debts.

The bankruptcy proceedings terminated in 1997.  In 2010, Nick Parnell and Matt Parnell acquired the interests of Daniel Lindsey, Sr., and Daniel Lindsey, Jr., in LeeCo.  LeeCo's assets were later transferred to Wilbur Investments, and LeeCo was dissolved in December 2010.  Drew Gentry argues that neither he nor the bankruptcy court received notice of the transfer of assets from LeeCo to Wilbur Investments.

In April 2011, Michael Kent, who had had some business dealings with Andy Gentry, sued Nick Parnell and LeeCo, alleging claims related to Nick Parnell's conduct during and after his representation of Andy Gentry in the bankruptcy proceedings.  In May 2011, Kent moved to add Drew Gentry as a "second-party plaintiff," arguing that the defendants had inflicted substantial harm upon the Gentry family and that

3

"[t]he interests of justice and the interests of judicial economy [would] be served" by adding Drew Gentry as a plaintiff.

Drew Gentry was added as a party to the action on June 2, 2011, and, on that same day, he filed a complaint against Nick Parnell, LeeCo, Parnell & Crum, and various fictitiously named parties, alleging claims of breach of fiduciary duty and fraud against Nick Parnell, of conspiracy to defraud against Nick Parnell, LeeCo, and fictitiously named defendants, and of negligence against Nick Parnell and Parnell & Crum. Drew Gentry also requested "that the assets of the defendants be impressed with a constructive trust in favor of ... Drew Gentry. Specifically, that the Defendants be judicially restrained from continuing to convert the monthly rents from the Mexican Restaurant presently known as 'Cancun' to the Defendants' own use and benefit." Kent's claims were eventually dismissed on Kent's own motion, and Drew Gentry remains the only plaintiff in the underlying action.

On June 23, 2011, Nick Parnell and Parnell & Crum moved to have Drew Gentry's complaint dismissed.[1] After a hearing,

_____

[1]Nick Parnell and Parnell & Crum noted in their motion to dismiss that LeeCo was not included in that motion because it

the circuit court entered an order on November 2, 2011, denying the motion to dismiss as to the breach-of-fiduciary-duty claim and the request for a constructive trust and granting the motion as to the fraud, conspiracy, and negligence claims. The circuit court determined that the fraud, conspiracy, and negligence claims were governed by the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975 ("the ALSLA"), because they were related to Nick Parnell's representation of Andy Gentry during the bankruptcy proceedings. The circuit court went on to find that those claims would not form a basis for an action by Drew Gentry and, in the alternative, would be barred by the applicable statute of limitations.

Drew Gentry moved the circuit court to alter, amend, or vacate the November 2 order as to the fraud and conspiracy claims only. He argued that, in order to conclude that those claims were governed by the ALSLA, the circuit court had to find that Nick Parnell was acting at all relevant times in his capacity as a lawyer for Andy Gentry as opposed to his capacity as an officer of LeeCo. Drew Gentry argued that this

had been dissolved in December 2010. LeeCo was later dismissed from the action by consent of the parties.

5

finding was based on facts that had not yet been established and that Alabama law allows for recovery by a nonclient for harm caused "by a fraud directed at [a] client" by the client's attorney.

In May 2012, Drew Gentry amended his complaint, adding as defendants Wilbur Investments, Daniel Lindsey, Sr., Matt Parnell, Daniel Lindsey, Jr., and Jackson Thornton. He also amended his conspiracy claims to include allegations against the newly added defendants as well as Nick Parnell and added new claims of unjust enrichment and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Nick Parnell and the newly added defendants. He also added claims of negligence and willful and wanton misconduct against Nick Parnell. Parnell & Crum was not listed as a defendant in the amended complaint.

Nick Parnell, Matt Parnell, and Wilbur Investments moved the circuit court to dismiss the amended complaint. Daniel Lindsey, Jr., filed a separate motion to dismiss the amended complaint. Daniel Lindsey, Sr., and Jackson Thornton (collectively referred to as "the Jackson Thornton defendants") also filed a motion to dismiss the amended

6

complaint. The defendants argued, among other things, that the amended complaint failed to state a claim upon which relief can be granted because, they asserted, the claims did not survive Andy Gentry's death, the claims were barred by the statutes of limitations, and Drew Gentry did not have standing to bring the claims. Drew Gentry opposed those motions. The defendants filed various motions in reply to Drew Gentry's opposition.

In August 2012, the circuit court held a hearing on the motions to dismiss the amended complaint and, in February 2013, entered an order granting those motions ("the February 2013 order"). The circuit court found that dismissal based on statute-of-limitations grounds was "inappropriate at [that] time" because "it [could not] be said as a matter of law that the statutes should not be tolled due to [Drew Gentry's] incompetency."[2] The circuit court went on to find, however, that "the claims expressed in the First Amended Complaint [did] not survive the death of Andy Gentry and that [Drew

---

[2]Drew Gentry argued that, like his father, he suffered from a mental illness, which, he says, should have tolled the statutes of limitations on his claims.

7

1121380

Gentry] lack[ed] standing to bring them." The circuit court concluded:

> "In sum, the First Amended Complaint makes allegations which could conceivably be brought by Andy Gentry or the estate of Andy Gentry. It does not appear that any of the claims contained in the First Amended Complaint can be asserted by Drew Gentry. ...

> "For the foregoing reasons, the Court finds that [Drew] Gentry's First Amended Complaint is due to be and is hereby DISMISSED."

The Jackson Thornton defendants, Daniel Lindsey, Jr., and the Parnell defendants (comprising Nick Parnell, Matt Parnell, Parnell & Crum, and Wilbur Investments) moved the circuit court to make its February 2013 order a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P. Drew Gentry "conditional[ly] assent[ed]" to the Rule 54(b) motions, arguing that he "ha[d] no objection to the February [2013] order being made final" but only after he had had time to file, and the circuit court had had time to consider, a motion to alter, amend, or vacate the February 2013 order. He filed a motion to alter, amend, or vacate the order on March 7, 2013. He later amended that motion to add additional authority in support of his arguments. Daniel Lindsey, Jr., and the Jackson Thornton defendants separately responded to

8

the motion to alter, amend, or vacate, and the Parnell defendants adopted their arguments.

The circuit court denied Drew Gentry's motion and, on March 20, 2013, entered a certification, pursuant to Rule 54(b), making final the dismissal of the claims against Daniel Lindsey, Jr., the Jackson Thornton defendants, Matt Parnell, Parnell & Crum, and Wilbur Investments. The circuit court did not make final the dismissal of the claims in the amended complaint against Nick Parnell, presumably because claims remained pending against him in the original complaint.

Drew Gentry appealed the circuit court's judgment to the Court of Civil Appeals. In August 2013, the Court of Civil Appeals transferred the appeal to this Court, citing a lack of subject-matter jurisdiction. Daniel Lindsey, Jr., and Nick Parnell separately moved this Court to dismiss them from the appeal. Daniel Lindsey, Jr., argued that Drew Gentry had not listed him on the notice of appeal and that the notice of appeal did not "give[] any indication of an intent to appeal the judgment in favor of [Daniel] Lindsey, Jr." Nick Parnell argued that claims remained pending against him in the circuit court, that "there ha[d] been no final judgment against him,"

1121380

and that "the [circuit] court's [March 20 judgment] did not include him." This Court denied the motion filed by Daniel Lindsey, Jr., but granted Nick Parnell's motion and dismissed him from the appeal.

Discussion

Drew Gentry raises several issues that, he argues, this Court must address on appeal. However, we cannot consider the merits of his arguments because the circuit court's Rule 54(b) certification was improper and, thus, Drew Gentry's appeal is due to be dismissed. See generally Fuller v. Birmingham-Jefferson Cnty. Transit Auth., [Ms. 1090436, December 20, 2013] ___ So. 3d ___, ___ (Ala. 2013) (concluding that "the trial court's certification of finality under Rule 54(b) is ineffective, and, there being no final judgment, both the appeal and cross-appeal are dismissed for lack of jurisdiction").

This Court recently stated in Grant v. Breland Homes, LLC, [Ms. 1121405, June 13, 2014] ___ So. 3d ___, ___ (Ala. 2014):

> "'With respect to the finality of judgments adjudicating fewer than all claims in a case, Rule 54(b), Ala. R. Civ. P., provides:

10

"'"When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. ... [I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

"'"If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will <u>generally</u> lie from that judgment." <u>Baugus v. City of Florence</u>, 968 So. 2d 529, 531 (Ala. 2007) (emphasis added). However, this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is "no just reason for delay." Rule 54(b); <u>see also</u> <u>Scrushy v. Tucker</u>, 955 So. 2d 988, 996 (Ala. 2006) ("Whether there was 'no just reason for delay' is an inquiry

committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.").

"'A trial court exceeds its discretion in determining that there is "no just reason for delay" when "the issues in the claim being certified and a claim that will remain pending in the trial court '"are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."'" Schlarb v. Lee, 955 So. 2d 418, 419-20 (Ala. 2006) (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So. 2d 88, 95 (Ala. 2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So. 2d 1373, 1374 (Ala. 1987)). See also Centennial Assocs., Ltd. v. Guthrie, 20 So. 3d 1277, 1281 (Ala. 2009) ("'It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.'" (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998))).'

"Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So. 3d 419, 422-23 (Ala. 2011).

"In Smith v. Slack Alost Development Services of Alabama, LLC, 32 So. 3d 556 (Ala. 2009), Slack Alost sued Tony Smith and Albert Weems, alleging breach of contract for failing to complete their condominium purchase. Smith & Weems Investments, LLC, was added as a party because it was the entity named in a standby letter of credit obtained as part of the

12

contract for the purchase of a condominium unit. Slack Alost moved for a summary judgment against Weems, but not against Smith or Smith & Weems Investments. The trial court granted the motion and certified the summary judgment as final pursuant to Rule 54(b). Smith and Smith & Weems appealed. On appeal, this Court held:

> "'In the instant case, it is apparent that at least some of the issues presented in the still pending claim against Smith are the same as the issues presented in the appeal now brought by Smith and Smith & Weems Investments. Weems and Smith are business partners accused of breaching the same real-estate contract, and ... Weems and Smith have both argued that Slack Alost never presented them with the original offering statement or the amended offering statement for the Bel Sole condominium development, in violation of § 35-8A-408. In Centennial Associates, Ltd.[ v. Guthrie, 20 So. 3d 1277 (Ala. 2009,] we stated that "'[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.'" 20 So. 3d at 1281 (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998)). Repeated appellate review of the same underlying facts would be a probability in this case, and, in light of this Court's stated policy disfavoring appellate review in a piecemeal fashion, see Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004), we accordingly hold that the trial court exceeded its discretion in

13

1121380

> certifying the judgment entered against
> Weems as final pursuant to Rule 54(b).'

"32 So. 3d at 562-63.

> "In the present case, review of the nonfinal summary judgment in favor of Gulf Coast and of the summary judgment entered in favor of Horton and Breland that is before this Court on appeal requires resolution of the same threshold issue: whether Gulf Coast had authority to approve the construction applications for lots 13 and 26 in Oak Grove when the same applications had already been denied by the ARC. Horton, Breland, and Gulf Coast presented the same arguments in their summary-judgment motions and the same defenses to the plaintiffs' claims. Although the summary judgment in favor of Breland and Horton is before this Court on appeal, the summary judgment in favor of Gulf Coast is not. Because the threshold issue in the judgment before this Court is identical to the threshold issue in a claim still pending before the trial court, we conclude that the claims are '"'"so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."'"' Loachapoka Water Auth., 74 So. 3d at 423 (quoting Schlarb v. Lee, 955 So. 2d 418, 419-20 (Ala. 2006)). Further, as in Smith, supra, '[r]epeated appellate review of the same underlying facts would be a probability in this case.' 32 So. 3d at 562. Thus, 'in light of this Court's stated policy disfavoring appellate review in piecemeal fashion,' id. at 562-63, we conclude that the trial court exceeded its discretion in determining that there was no just reason for delay and in certifying as final pursuant to Rule 54(b) the summary judgment in favor of Horton and Breland."

As was the case with the claims in Smith v. Slack Alost Development Services of Alabama, LLC, 32 So. 3d 556 (Ala.

14

2009), which was discussed in Grant, "it is apparent that at least some of the issues presented in the still pending claim[s] against [Nick Parnell] are the same as the issues presented in the appeal now brought [against Daniel Lindsey, Jr., the Jackson Thornton defendants, Matt Parnell, Parnell & Crum, and Wilbur Investments]." 32 So. 3d at 562. In fact, all the claims now before us on appeal were also alleged against Nick Parnell and are based on the same underlying facts.

Moreover, as in Grant, Nick Parnell and the defendants before us on appeal presented many of the same arguments in their motions to dismiss and raised the same defenses to Drew Gentry's claims. Thus, this Court's review of the nonfinal dismissal of the claims in the amended complaint against Nick Parnell in the amended complaint and the dismissal of the claims against Daniel Lindsey, Jr., the Jackson Thornton defendants, Matt Parnell, Parnell & Crum, and Wilbur Investments will "require[] resolution of the same ... issue[s]." Grant, ___ So. 3d at ___.

We conclude here, as we did in Grant,

> "that the claims are '"'"so closely intertwined that separate adjudication would pose an unreasonable

risk of inconsistent results."'"' Loachapoka Water Auth.[, Inc. v. Water Works Bd. of Auburn], 74 So. 3d [419,] 423 [(Ala. 2011)] (quoting Schlarb v. Lee, 955 So. 2d 418, 419-20 (Ala. 2006)). Further, as in Smith[ v. Slack Alost Development Services of Alabama, LLC, 32 So. 2d 556 (Ala. 2009)], '[r]epeated appellate review of the same underlying facts would be a probability in this case.' 32 So. 3d at 562. Thus, 'in light of this Court's stated policy disfavoring appellate review in piecemeal fashion,' id. at 562-63, we conclude that the trial court exceeded its discretion in determining that there was no just reason for delay and in certifying as final pursuant to Rule 54(b) the [dismissal of Drew Gentry's claims against Daniel Lindsey, Jr., the Jackson Thornton defendants, Matt Parnell, Parnell & Crum, and Wilbur Investments]."

Grant, ___ So. 3d at ___. Because the Rule 54(b) certification was improper, Drew Gentry's appeal is due to be dismissed. See Stephens v. Fines Recycling, Inc., 84 So. 3d 867, 879 (Ala. 2011) (holding that the trial court's Rule 54(b) certification was erroneous and concluding that, "[i]n the absence of a final judgment, this appeal is due to be dismissed").

APPEAL DISMISSED.

Moore, C.J., and Bolin and Main, JJ., concur.

Murdock, J., concurs in the result.