PITTMAN, Judge.
Vertís Dandridge appeals from a summary judgment in favor of the Water *704 Works and Sewer Board of the City of Goodwater (“the Board”). We dismiss the appeal as having been taken from a nonfi-nal judgment.
Dandridge sued the Board, the City of Goodwater, and Franklin Thompson, individually and in his official capacity as chairman of the Board, in 2012, alleging, among other things, that Dandridge was due reimbursement for payments she had made for sewer services. Dandridge alleged that her residence had never actually been connected to the sewer system in the City of Goodwater and, thus,, that she was not a “user” of the sewer service required to pay for that service. The Board filed an answer and a counterclaim, pursuant to which the Board sought compensation from Dandridge for sewer-service fees that, the Board claimed, Dandridge owed.[1]
The Board moved for a summary judgment on all of Dandridge’s claims. The trial court granted that motion, stating specifically that Dandridge’s claims against the Board were due to be dismissed with prejudice. The trial court, however, has not entered a judgment on the Board’s counterclaim.
The trial court did not certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. We note, however, that “[n]ot every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala. R. Civ. P.” Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App.1999). Appellate review in a piecemeal fashion is disfavored. Grant v. Breland Homes, LLC, 156 So.3d 391, 396 (Ala.2014). In addition, “[o]ur supreme court has further explained that in cases in which an adjudicated claim and a[n] unad-judicated counterclaim are ‘so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,’ Rule 54(b) certification is inappropriate.” Hurst v. Cook, 981 So.2d 1143, 1148 (Ala.Civ.App.2007) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). It appears that Rule 54(b) certification in the instant case would not have been appropriate.
Without a final judgment, an appellate court does not have jurisdiction to consider an appeal. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id. Because the Board’s counterclaim is still pending, the trial court’s summary judgment has not put an end to the proceedings. Thus, we dismiss the appeal as having been taken from a nonfi-nal judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Thompson filed a motion to dismiss, which Dandridge consented to, and the trial court granted that motion on February 20, 2013. Dandridge subsequently filed a motion to dismiss the City of Goodwater; the trial court granted that motion on October 23, 2013,