The parties in this case were divorced in 1988. In 1990, the wife, Baylissa Bridges, filed a complaint in the Circuit Court of Baldwin County requesting, among other things, an increase in child support. The husband, William Bridges, counterclaimed, alleging a material change in circumstances since the judgment of divorce and requesting the termination of his alimony obligation, or, in the alternative, a reduction in said payments.
Following an ore tenus proceeding, the trial court entered an order on the case action summary sheet increasing the child support; however, the trial court failed to address the husband's counterclaim and did not rule on the issue of termination or reduction of alimony. No Rule 54(b), A.R.Civ.P., certification was entered by the trial court.
The husband then filed a motion for new trial, or, in the alternative, a motion to alter, amend, or vacate the trial court's order. As one of the grounds for his motion, the husband asserted that the trial court failed to rule on his counterclaim to terminate or reduce alimony.
The trial court denied the husband's motion. The husband appeals, and the wife cross appeals.
Rule 54(b) provides that
 "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." (Emphasis added.)
To support an appeal, there must be a final judgment which adjudicates the issues before the trial court. Taylor v.Taylor, 398 So.2d 267 (Ala. 1981). This court has two alternatives in handling a case where a Rule 54(b) certification is necessary for this court to have jurisdiction. First, the appeal may be dismissed, or second, the case may be remanded to the trial court for a determination as to whether it chooses to enter a Rule 54(b) certification. Foster v. Greer Sons, Inc., *Page 936 446 So.2d 605 (Ala. 1984). Rule 54(b) certifications should only be granted in exceptional cases. Foster.
We do not consider this case to be a proper Rule 54(b) exception since the issues of alimony and child support payments from the husband to the wife are so interrelated that they should be adjudicated simultaneously and not piecemeal. Therefore, we elect to dismiss this appeal since the judgment appealed from is not final, and a Rule 54(b) certification would not be appropriate in this case.
APPEAL DISMISSED.
THIGPEN and RUSSELL, JJ., concur.