BOLIN, Justice.
Karen Ann Kribel Kirkley, individually and as personal representative of the estate of B.J. Kirkley (“Mr. Kirkley”), deceased; Holly S. Muncie; and J. Alexander Muncie III (“Alex”), as trustee of the Karen Ann Kribel Kirkley Testamentary Trust (hereinafter • sometimes referred to collectively as “the estate plaintiffs”), appeal from the Lee Circuit Court’s March 7, 2014, “order regarding granting of new trial” in favor of Donna Jo Kirkley Phillips and Kirkley Limited Liability Company (“Kirkley LLC”) '(appeal no. 1130812). Donna Jo and Kirkley LLC cross-appeal from the same order, but have also’ filéd a motion to dismiss the appeal filed by the estate plaintiffs on the basis that the March 7, 2014, order is not a final order and that the monetary judgment in the case has' been satisfied (appeal no. 1130850). The motion to dismiss was submitted for consideration with the merits of the appeals. Because we conclude that the March 7, 2014, order is not a final order, the appeals are dismissed. See Rule 54(b), Ala. R. Civ. P.

I. Facts and Procedural History

These appeals are the result of a family dispute that occurred following* the death of Mr. Kirkley on July 9, 2011, concerning his will and his interest in Kirkley LLC. The individuals involved in the dispute are: Mr. Kirkley’s widow, Karen; Karen’s daughter, Holly; Holly’s husband, Alex, *466 the trastee of Karen’s testamentary trust; Mr. Kirkley’s daughter, Donna Jo; Donna Jo’s husband, Keith William Phillips; Mr. Kirkley’s daughter, Lisa Kirkley Thompson; and Mr. Kirkley’s son, Steven Randall Kirkley.
Kirkley LLC was formed on November .7, 1995; the operating agreement for the limited liability company was adopted the same day. The members of Kirkley LLC were Mr. Kirkley, who owned a 74.11968 percent interest in the company; Donna Jo, who owned a 13.44016 percent interest; and Keith, who owned a 12.44016 percent interest. Kirkley LLC’s sole asset is a one-third interest in Ridgewood Village Mobile Home Park located in Auburn.
On October 20, 2011, Mr. Kirkley’s will was admitted to probate, and Karen was appointed personal representative of his estate. Mr. Kirkley’s will provided that his interest in Kirkley LLC was to flow through his estate to several beneficiaries, including Karen, Holly, Lisa, and Steven. The bequests to Karen, Lisa, and Steven were made via testamentary trusts. Holly was to receive her bequest outright. Although Mr. Kirkley purported to dispose of his interest in Kirkley LLC through his will, the operating agreement for Kirkley LLC (“the operating agreement”) provided that, in the event of a death of a member, the surviving members had the option of continuing the company by paying the fair market value of the deceased member’s membership interest to the deceased member’s estate within 90 days of the deceased member’s death. Specifically, Section 12.4 of operating agreement states:
“(C) In the event of the death of a Member, the surviving members shall have the following option based on unanimous consent of all the surviving members:
“(i) Continue the Limited Liability Company by, within ninety (90) days, causing the value of the Company to be established by an appraisal of the Company’s property by an independent licensed appraisal agency and an audit of the Company’s books and records by a certified public accountant to determine the fair market value of the deceased Member’s membership interest. The fair market value of the deceased Member’s membership interest shall, within ninety days, be paid to the estate of the deceased Member by the surviving Members who shall then own all of the assets and liabilities of the Company.”
After Mr. Kirkley died, Donna Jo and Keith (hereinafter referred to as “the Phil-lipses”) sought to exercise their option to purchase Mr. Kirkley’s interest and to continue Kirkley LLC. Specifically, the Phil-lipses delivered to the estate a “Notice of Exercise of Option to Purchase”; they obtained an appraisal and an audit of the books and records of Kirkley LLC as of the date of Mr. Kirkley’s death; they provided to the estate the valuation and audit, which represented that the fair market value of Mr. Kirkley’s interest in Kirkley LLC was $540,000; they filed with the Lee County Probate Court on October 7, 2011, a “Petition to Receive Tender of Option Price”; and they delivered to the probate court a $540,000 cashier’s check made payable to the estate, requesting that the court hold the check “until [Mr. Kirkley’s] Will is admitted to probate and a personal representative is appointed for the [e]state.”
On October 20, 2011, Karen, individually and as personal representative of the estate, filed a complaint, seeking a judgment determining, among other things, the fair market value of Mr. Kirkley’s interest in Kirkley LCC at the time of his death. The complaint named as defendants: the Phillipses; Holly; Alex, as the trustee of Karen’s testamentary trust; fictitious par *467 ty UA” as the trustee of the Lisa Kirkley Thompson Testamentary Trust; and fictitious party “B” as the trustee of the Steven Randall Kirkley Testamentary Trust.[1] Holly and Alex were subsequently realigned as plaintiffs.
On November 7, 2011, the Phillipses filed an answer and a counterclaim (1) asserting a claim of breach of contract; (2) seeking a judgment declaring that they had tendered and paid the estate the fair market value of Mr. Kirkley’s interest in Kirkley LLC on a timely basis; and (3) seeking specific performance of the operating agreement, i.e., an order directing the estate to perform its obligations under the operating agreement, ■ including its obligation to pay to the Phillipses their costs, expenses, and reasonable attorney fees. The Phillipses subsequently filed an additional counterclaim for attorney fees pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“the ALAA”).
On December 4, 2012, the estate plaintiffs filed an amended complaint, naming additional defendants, including Kirkley LLC, and asserting additional legal claims. The complaint also sought a judgment declaring, among other things, the rights and duties of the parties pursuant to the provisions of Mr. Kirkley’s will as opposed to the operating agreement.[2]
On October 31, 2013, the trial court entered an order setting, out the equitable claims asserted by the parties:
“There are several non-jury . claims pending, including: various claims for declaratory judgment by [the estate plaintiffs]; a claim for declaratory judgment, specific performance, and counterclaim against [the estate plaintiffs] for fees and costs under the [ALAA] on behalf of Kirkley LLC and [the Phillips-es]; and a claim for declaratory judgment by [the trustee] for the Lisa and Steven Kirkley Trusts [i.e, asserting that the filing of the estate plaintiffs’ amended complaint violated the in terro-rem clause of Mr. Kirkley’s will].”
On November 5, 2013, the case proceeded to trial, at which time the trial court sought to separate the legal claims from the equitable claims; Before the case was submitted to the jury on the legal claims, counsel for the estate plaintiffs decided to proceed only on behalf of Karen, as personal representative of Mr. Kirkley’s estate, and to dismiss “[a]ny and all claims” against Keith. The trial court also entered a judgment ás a matter of law in favor of the estate plaintiffs as to the breach-of-contract claim asserted by the Phillipses. The trial court then charged the jury on the claims asserted by the estate plaintiffs alleging breach of fiduciary duty and wantonness, and also erroneously charged the jury as to a breach-of-contract claim against the Phillipses, because such a claim was never pleaded by the estate plaintiffs.
*468 • On November 8, 2013, the jury returned a verdict in favor of the estate, awarding it $277,500 in compensatory damages and $700,000 in punitive damages. Following the entry of the verdict, the estate filed, among other things, a motion to tax costs; it also sought an award of prejudgment interest and an award of attorney fees and costs pursuant to the operating agreement;[3] Donna Jo and Kirkley LLC filed various postjudgment motions, including a motion for a new trial. The trial court conducted a hearing on the pending post-trial motions, including a Hammond/Green Oil[4] hearing.
On March 7, 2014, the trial court entered an “order regarding granting of new trial,” which states, in pertinent part:
“The parties appeared before this Court on February, 13, 2014, regarding [Donna Jo and Kirkley LLC’s] motion for a new trial. Hon. Davis Whittelsey and Hon. Jonathan .Corley appeared on behalf of the plaintiff, Karen Kirkley, as personal representative of the Estate of B.J. Kirkley, Hon, Joseph Dean, Jr., Hon. Melanie Atha and Hon. Roy Crawford appeared on behalf of the defendants, Donna [Jo] Phillips and Kirkley LLC. The’ jury claims against Keith Phillips were voluntarily dismissed by [the estate plaintiffs] prior to submission of the case to the jury for consideration of the verdict.[5]
“Presiding over this particular trial was problematic for the court.' The case has included at least a dozen litigants, multitudes of legal and equitable claims, and a flurry of pleadings and motions. The interaction between the attorneys trying the case can conservatively - be described as heated. ’The- court made á cognizant attempt, following a series of lengthy hearings, to limit the issues, submitted to the. jury to those with substantive merit. However, the verdict in this case demonstrates to the court that its efforts to uncloud the main issues for the jury were unsuccessful. The defense raised multiple grounds for a new trial in its motion. While the court does not discount the potential validity of some of these grounds, the court finds that the points discussed below, are the most significant.
“A. New Trial
“One point raised in [Donna Jo and Kirkley LLC’s] motion for a new trial was there was no claim for breach of contract made by the [estate plaintiffs] against [Donna Jo and Kirkley LLC]. Accordingly, [Donna Jo and Kirkley LLC] assert that it was error for the jury to award any damages for breach of contract. Upon examination of the pleadings and the transcript in this case, the court agrees that the • claim for breach of contract was submitted to the jury without being pled'in the final restated complaint and without sufficient evidentiary support during the trial. Unfortunately, neither party brought this erroneous instruction to the Court’s *469 attention at the time the jury charge was given.
“Additionally, the court agrees that the evidence was insufficient to support a finding of wanton conduct on the part of Donna [Jo] Phillips. Defense counsel did move for judgment as a matter of law at trial and renewed the motion subsequent to the verdict. Judgment as a matter of law was due to be granted on this issue.
“Because the verdict reached in, this case was general in nature, the court cannot ascertaip whether the assessment of damages was based on a good count or a bad count. Furthermore, the record indicates on page 1626 that the jury may have considered the breach of contract claim when, subsequent to instruction, they were brought back into the courtroom with the following question: ‘If we find, the contract was breached, does the Will take precedence?’ Due to the confusion created by introduction of this issue to the jury, the court is of the opinion that a new trial is due to be granted.
“The court reserved the decision of a number of equitable issues for after the jury trial. ..In hindsight, this was a flawed approach as the jury was permitted to hear a vast amount of evidence outside the scope of what it was ultimately asked to consider. For example, the court did not make a binding, pretrial ruling as to whether or not Section 12.4 of the Kirkley LLC operating agreement was clear or ambiguous. The effect of this was that the parties spent a great deal of time calling witnesses who could offer parol evidence as to the intention of [Mr. Kirkley], including the gifts that were made in his will. Therefore, in essence,,the trial became a dispute-over the will of [Mr. Kirkley] and not about the operating agreement of Kirkley LLC. However, the will was wholly irrelevant to the claims that the defendants’, acts pursuant to the operating agreement were wanton or [that they had] breached a fiduciary duty. The prejudicial nature of this evidence further adds support to the court’s opinion that a new trial is due to be granted.
“Therefore, ■ [Donna Jo and Kirkley LLC’s] motion for ¿ new trial is granted on the following grounds:
“(1) The verdict failed to do justice between the parties;
“(2) The verdict was excessive so as to demonstrate bias, .passion, prejudice, corruption or other improper motive; and. , . ,
“(3) The verdict was contrary to the law and the evidence.
[[Image here]]
“B. Equitable Issues
“The parties have filed several declaratory judgmént actions in this ease. The Court has previously held that [Mr. Kirkley’s] assignment of his one-third interest in Ridgewood Village to Kirkley LLC was valid, and that the Estate does not hold any interest in the Ridgewood Village partnership. Thus, the Court held that Ridgewood Village has continuously met its obligations by paying distributions to Kirkley LLC. It has no obligations with respect to the Estate of [Mr. Kirkley], The court has also held that the transfers of interest in Kirkley LLC made by [Mr. Kirkley] during his lifetime to [the Phillipses] are valid.
“1. The Kirkley LLC Operating Agreement
“Going forward with the equitable issues in this case, the court finds that the Kirkley LLC operating agreement is not ambiguous. ...
“2.. The Option to Purchase
*470 “The parties have also asked this court to declare whether the option was exercised under the terms of the operating agreement. The court heard testimony from several witnesses at trial who discussed contested issues such as licensure and fair market value. However, the plain language of the operating agreement does not place any emphasis on these terms when describing the mechanism by which the option can be exercised. Section 12.4(B) states that ‘[t]he option to purchase granted pursuant to this Subsection 12.4(B) shall be exercised by giving written notice thereof to the Member in Default and the other Members within the foregoing described sixty (60) day period in which the option to purchase may be exercised.’ ... The parties do not contest that written notice was given within a sixty-day period to Karen Kirkley, executrix of [Mr. Kirkley’s] estate, on August 23, 2011, by being hand-delivered to her mailbox. This court finds that providing notice on August 23, 2011, was timely under the terms of the operating agreement as it was within 60 days of [Mr. Kirkley’s] death on July 9, 2011. Therefore, [the Phillipses] did exercise the option to purchase as directed under the terms of the operating agreement.
“3. Right to Kirkley LLC Income Distributions
“One of the remaining issues between the parties is when the right to receive [Mr. Kirkley’s] membership distributions was transferred from his estate to [the Phillipses]. Subsection 12.4(C)(i) of the operating agreement states that ‘[t]he fair market value of the deceased Member’s membership interest shall, within ninety (90) days, be paid to the estate of the deceased Member by the surviving Members who shall then own all of the assets and liabilities of the Company.’ The parties do not contest that a check payable to the Estate of $540,000 was given to the Probate Court of Lee County within 90 days of [Mr. Kirkley’s] death. What they do contest is whether the amount to be valued was a controlling, full membership interest or a non-controlling, mere economic interest, and they contest whether the $540,000 that was tendered was the fab’ market value under either circumstances.
“... [T]he Court agrees that ownership of [Mr. Kirkley’s] interest vested in [the Phillipses] when [they] delivered written notice pursuant to [Section] 12.4(B) of the operating agreement. This finding further supports the court’s decision to set aside the jury verdict and grant a new trial, given that the compensatory damages awarded stemmed from the lack of monthly income distributions by Kirkley LLC to the estate. These damages, as well as the punitive damages that followed, cannot stand because the estate had no interest in Kirk-ley LLC and no right to distributions subsequent to exercise of the option.
“4. Valuation of Kirkley LLC Membership Interests
“The remaining issues between the parties concern valuations of the interest which [the Phillipses] elected to purchase. Before the court can value the interest, it must resolve the issue as to whether the interest being valued is a full membership or partial membership interest. In other words, is the membership being valued on the basis of voting rights or simply a right to economic distributions?
“It is undisputed that [Mr. Kirkley] owned a 74.11968% full membership interest, with voting rights and the right to receive economic distributions, on the *471 last day he was alive. According to the language of Section 12'.4(B), the ‘Defaulted Interest’ is what is being purchased. The ‘Defaulted Interest’ is that which was in existence ‘immediately pri- or to the occurrence of the Activating Event.’ The ‘Activating Event’ was [Mr. Kirkley’s] death. The operating agreement also states that the interest that was in .existence ‘immediately prior to the occurrence of the Activating Event’ is ‘the entire interest in the Company of such Member.’ Therefore, [Mr. Kirkley’s] ‘entire interest’ in Kirkley LLC was that 74.11968% full membership interest. Furthermore,-the operating agreement does not state that the interest to be valued is that which may belong to the estate in the- event [the Phillipses] chose not to exercise the option — in other words, merely an economic interest with no voting rights. In fact, the operating agreement does not use the term ‘economic interest.’ Therefore, the court finds that the plain language of Section 12.4(B) of the operating agreement states that the interest to be valued is the ‘entire interest’ or full membership of [Mr. Kirkley] in Kirkley LLC.
[[Image here]]
“... Therefore, the final, fair market value for [Mr. Kirkley’s] membership interest is $1,102,639.[6] Given that [the Phillipses] bound themselves to pay the fair market value by exercising their option to purchase [Mr. Kirkley’s] shares, the estate is due a judgment in the amount of $1,102,639.
“In making this equitable finding as a result of the declaratory judgment claims of the-parties, the court finds that the estate is not entitled to further interest on the judgment — particularly because no breach of contract action was pled by the [estate plaintiffs]. Any garnishment action previously-initiated by [the estate] will need to be re-filed if it is based upon the jury verdicts announced at trial as they have been set aside. If [counsel for Donna Jo and Kirkley LLC] would like to'be heard regarding a claim of exemption or motion to stay execution of judgment, those - motions will also need to be re-filed or amended. Of course, the court orders that the $540,000 -check made payable to the estate and being held by the probate court of Lee County be releaséd: to the estate without further delay. However, execution is stayed for a. period of 90 days with respect to any portion of the judgment which is not satisfied by the $540,000 check.
“5. The Will of [Mr. Kirkley]
“The plaintiff has filed a declaratory judgment action which asks this court to determine the rights, duties and obligations of the parties pursuant to the provisions of the will of [Mr. Kirkley]. This is a very broad request, and the only issue apparent to this court is whether the operating agreement of Kirkley LLC or the will governs disposition of [Mr. Kirkley’s] Membership Interest. From the, testimony of witnesses at trial such as [Donna Jo]; [Karen], Robert Petty [and] Nancy Davis [attorneys for Mr. Kirkley during his life], rand [Alex], it appears that [Mr. .Kirkley] mistakenly believed- that he could give away his interests of the LLC free from any encumbrances. While the Court can appreciate arguments regard-' ing what his intent may have been, it *472 .does not change.the fact that a testator cannot outright devise a gift that he does not: .outright own. Therefore, this court finds' that any devise of [Mr. Kirk-ley’s] interest in Kirkley LLC through •his will-is clearly subject to [the Phillips-es’] right to exercise their option to purchase pursuant the- LLC’s operating agreement. Since the 'option has .been exercised, the will beneficiaries will have rights to the proceeds , of this-sale in the percentages dictated by the terms of the will'. Even if the option were not exercised, the will beneficiaries’ interests would still be subject to restrictions as set forth in 12.2 and 12.4(C)(ii-iv) of the operating agreement.
“C. Remaining Claims
“Any post-judgment motions filed pursuant tó Rules 50 or 59 of the Alabama Rules of Civil Procedure which have not been specifically addressed or rendered moot by granting a new trial are deemed denied. The parties are. permitted to file a restated complaint, answer or counterclaim within 60 days if there are claims or issues that they would still like to litigate. No additional claims or parties may be added. Each claim should cite to the date of the; original pleading in which it can be found. If a right to a jury trial exists for a particular claim, a renewed-, jury demand should be filed.”
The trial" court did not certify its March 7, 2014, order as'final pursuant to Rule 54(b), Ala. R. Civ: P. On May 1, 2015, this Court, in both - appeals, remanded the cause for a determination as to whether the March 7, 2014, order was a final order that would support the appeals. This Court subsequently learned that the case had been reassigned from Judge Jacob A. Walker III to Judgé Ben Fuller because Judge Walker had recused himself. Because'of the complexity of the casé, this Court granted Judge Fuller additional time in which to respond to our remand order. On July 16, 2015, Judge Fuller filed with this Court an order stating that “there being no just reason for additional delay this Court’s order of March 7, 2014, is certified as final pursuant to the provisions of Rule 54(b), Alabama Rules of Civil Procedure.”

II. Rule 51(b), Ala. R. Civ. P.

These appeals challenge the merits of the March 7, 2014, order of the Lee Circuit Court granting a new trial. As previously indicated, Donna Jo and Kirk-ley LLC also challenge the finality of the March 7, 2014, order, in part, on the basis that the order does not adjudicate all the claims between all the parties. This Court does not address the merits of these appeals -because wé conclude that the trial court’s Rule 54(b)- certification of the March 7, 2014, order as final was improper and, thus, that the appeals are due' to be dismissed, ■ -
With regard to the finality of judgments adjudicating fewer than all claims in a case, Rulé 54(b) provides:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, ' cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for ■ delay and upon án express direction for the entry of judgment.”
In Loachapoka Water Authority, Inc. v. Water Works Board of Auburn, 74 So.3d 419, 422-28 (Ala.2011), this Court stated:
“ ‘If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.’ Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007) (emphasis added). However, this. Court will not *473 consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is ‘no just reason for delay.’ Rule 54(b); see also Scrushy v. Tucker, 955 So.2d 988, 996 (Ala.2006) (“Whether there was “no just reason for delay” is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.’).
“A. trial court exceeds its discretion in determining that there is ‘no just reason for delay' when ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.”” Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006) (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1378, 1374 (Ala.1987)). See also Centennial Assocs., Ltd. v. Guthrie, 20 So.3d 1277, 1281 (Ala.2009) (‘ “It is uneconomical for an appellate court to review .facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders-its decision on the remaining claims or as to the remaining parties.” ’ (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998))).”

III. Discussion

A. Miscellaneous Matters ■
Initially, we note that the parties refer to the March 7, 2014, order as having two parts, i.e., the new-trial part (addressing the merits, i.e., the legal claims) and the declaratory-judgment part (addressing the equitable claims). We address only the declaratory-judgment aspect of the March 7, 2014, order concerning the equitable claims Donna Jo and Kirkley LLC assert remain pending for adjudication in the trial court..
Secondly, it is unclear whether Keith is a party subject to the declaratory-judgment part of the March' 7, 2014, order. The estate plaintiffs assert that they dismissed only the legal claims against Keith, while Keith asserts in a restated counterclaim that the estate plaintiffs dismissed “[a]ny and all claims” against him, i.e, both legal and equitable claims. The trial court made no definitive ruling as to whether Keith remained a party as to the declaratory-judgment part of the order. Rather, the trial court noted in the March 7, 2014, order that it declined to make any ruling on the issue. Specifically, the order states that “[t]he jury.claims against Keith Phillips were voluntarily dismissed by [the estate plaintiffs] prior to the submission of the case to the jury for consideration of the verdict.” The order contains a footnote in which the tnal court added that “[t]he'defense has asserted that [the estate plaintiffs] dismissed all claims against Keith at trial, including all equitable' issues” and stated: “[T]he Court makes no ruling on this issue for the purposes of this Order.” Although we reference Keith throughout this .opinion, this Court, too, makes no ruling on the issue whether he remains a party for purposes of the declaratory-judgment part of the March 7, 2014, order. Rather, we conclude that any ruling on that issue is reserved for the trial court.
The parties also dispute whether Holly, individually, and Karen’s testamentary trust, are parties.for purposes of the declaratory-judgment part of the March 7, 2014, order. As previously indicated, before the case was submitted to the jury, *474 counsel for the estate plaintiffs — i.e., Karen, individually and as personal representative of the estate; Holly; and Alex, as trustee of Karen’s testamentary trust— decided to proceed only on behalf of Karen, as personal representative of Mr. Kirk-ley’s estate. Karen, as personal representative, maintains that Holly, individually, and Alex, as trustee of Karen’s testamentary trust, are proper parties to the appeal from the declaratory-judgment part of the March 7, 2014, order because, she says, that part of the order states that “the will beneficiaries will have rights to the proceeds of this sale in the percentages dictated. by the terms of the will.” We agree. Karen and Holly were beneficiaries under Mr. Kirkley’s will. The bequest to Karen was made via a testamentary trust, of which Alex is the trustee, while the bequest to Holly was made outright. Because the. trial court addressed, in the declaratory-judgment part of the order, an issue pertaining to the will beneficiaries, those beneficiaries were entitled to appeal from that part of the order.
Lastly, we note that, since the parties filed these appeals, the trial court has continued to exercise jurisdiction over the proceedings. For example, Judge Walker entered an order, dated June 5, 2014, granting Donna Jo and Kirkley LLC’s “Petition to Receive Tender of Remainder of Option Price,” directing the circuit clerk “to receive, deposit and hold the proceeds of the [$562,689 check] until the estate acknowledges its. obligations to fully fund the testamentary trusts of Steven Randall Kirkley and Lisa Kirkley Thompson, and offers proof that same has been accomplished; thereafter, to direct that $562,689 to the estate, enter a satisfaction of judgment on the record.” On June 6, 2014, Karen, as personal representative of the estate, filed in the trial court a “Notice of Non-Acceptance of Conditional Tender of Remainder of Option Price and Motion to Compel Responses to Post-Judgment Discovery Requests,” in which she argued, among other things, that Judge Walker had no jurisdiction to enter the June 5, 2014, order. Donna Jo and Kirkley LLC also filed in the trial court a “Motion to Quash Processes of Garnishment.” Judge Walker entered an “order setting hearing” for July 7, 2014, in which he temporarily stayed the issuance of garnishments filed by the estate and instructed the parties to be prepared to address at the hearing certain issues pertaining to the garnishments — including some of the very issues that are the subject of these appeals, i.e., whether the declaratory-judgment part of the March 7, 2014, order is a final order and whether Keith remains a party for purposes of the declaratory-judgment part of the order. However, before the hearing, Judge Walker recused himself from the case, and the hearing never occurred. On February 3, 2015, Donna Jo and Kirk-ley LLC filed in this Court a “Motion For Temporary Remand,” in which they stated that Judge Fuller had granted discovery in the trial court, which resulted in the production of documentation relevant to whether the monetary judgment had been satisfied; Donna Jo and Kirkley LLC request in the motion that this Court temporarily remand the cause to allow the trial court to determine whether the record on appeal should be supplemented so that this Court can decide whether the monetary judgment has been satisfied. As can be seen, although Judge Fuller certified the March 7, 2014, order as final in all respects, he continues to exercise jurisdiction over certain aspects of the case, further evidence that the March 7, 2014, order is not final in all respects.

B. The Trusts

As previously indicated (see note 2, supra), the Lisa Kirkley Thompson Testamentary Trust and the Steven Randall *475 Kirkley Testamentary Trust (“the trusts”) are not parties to these appeals. However, the trusts filed a counterclaim- below in which they requested.a judgment declaring that the claims asserted by the estate plaintiffs in the- amended complaint violated Item XII of Mr. Kirkley’s will, the in terrorem clause, which states:
“If any beneficiary under this Will shall contest the probate or validity of this Will or any provision thereof or shall institute or join in (except as a party defendant) any proceeding- to contest the validity of this Will or to prevent any provision thereof from being carried out in accordance with its terms (regardless of whether or not the contest or proceedings are instituted in good faith and with reasonable cause), all benefits provided for that beneficiary are revoked and those benefits shall pass to the non-contesting beneficiaries or his or her issue in the proportion that the share of the non-contesting.residuary beneficiary bears to the aggregate of the effective shares of all of the non-contesting residuary beneficiaries.... ”
The trial court indicated in its October 31, 2013, pretrial order that the trusts’ in terrorem claim remained pending. At the close of the evidence, the trial court also acknowledged that the in terro-rem claim was an equitable claim! However, the March 7, 2014, order does not definitively address the in terrorem claim. Donna Jo and Kirkley LLC assert that that claim remains pending in the trial court, while the estate plaintiffs assert that March 7, 2014, order disposed of the claim. The trial court noted in the March 7, 2014, order that “the estate” has filed a declaratory-judgment action asking the court to determine the rights, duties, and obligations of the parties under the provisions of Mr. Kirkley’s will. The trial court noted that this was a broad request and that “the only issue apparent to this Court” is whether the operating agreement or the will govern the disposition of Mr. Kirkley’s membership interest in Kirkley LLC. Specifically, the trial court , noted that a testator “cannot outright devise a gift that he does not outright own” and that any devise under the will was subject to the Phillips-es’ right to exercise their option to purchase Mr. Kirkley’s membership interest pursuant to the operating agreement. The trial court noted that because the Phillips-es had exercised their right, the will beneficiaries would have rights to the proceeds of the sale in the percentages dictated by the will. The estate plaintiffs conténd that the trial court’s finding impliedly disposes of the trusts’ in terrorem claim. For purposes of this opinion, this Court makes no ruling as to whether the March 7, 2014, order disposes- of the in terrorem claim, insofar as the trusts are not parties to this appeal. Rather, we acknowledge only that the parties dispute whether the March 7, 2014, order disposes of the claim and that any ruling on that claim is reserved for the trial court. As noted in one of the pleadings filed by Donna Jo and Kirkley LLC, if the trusts are successful on their in terro-rem claim, then Karen and Holly will have no claim to the proceeds from the sale of Mr. Kirkley’s former interest in Kirkley LLC, a result clearly inconsistent with the trial court’s ruling that “the will beneficiaries will have rights to the proceeds of this sale in the percentages dictated by the terms of the will.” And, “if the proceeds are distributed prior to a decision on the in terrorem clause claim, Karen and Holly could well receive benefits to which they are not entitled.” We noté that if the trusts’ counterclaim, the facts of which are common to and/or intertwined with the merits of the appeal and cross-appeal, remains pending in the trial court, this Court could be faced with repeated appellate review, which is disfavored. See Dzwonkow- *476 ski v. Sonitrol of Mobile, Inc,, 892 So.2d 354 (Ala.2004) (noting that appellate review in piecemeal fashion is not favored). As this Court has stated:
“‘It is uneconomical for an appellate court to review facts on an appeal following a .Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after'the district court renders its decision on the remaining claims or' as to the remaining parties.
“ ‘An appellate court also should not hear appeals that will require it to determine questions that remain before the trial court with regard to other claims.’
“(Footnotes omitted.)”
Centennial Assocs., Ltd, v. Guthrie, 20 So.3d 1277, 1281 (Ala.2009)(quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998)). See also Loachapoka, 74 So.3d at 424 (noting that “‘[r]epeated appellate review of the same underlying facts would be a probability in this case’ ” (quoting Smith v. Slack Alost Dev. Servs. of Alabama, LLC, 32 So.3d 556, 562 (Ala.2009))), and Day v. Davis, 989 So.2d 1118, 1121 (Ala.Civ.App.2008)(stating that “[w]hen claims ‘are so interrelated that they should be adjudicated simultaneously and not piecemeal,’ a' Rule 54(b) certification is not appropriate. Bridges v. Bridges, 598 So.2d 935, 936 (Ala.Civ.App.1992)”).
At the close of all the evidence, the parties also addressed the trusts’ claim for an accounting. The trial court noted on the record: “I just think the. better way to handle it is I will probably just order an accounting.” Specifically, the trial court noted:
“I just think based on- some of the answers, you know, there is going to have to be- some type of limited accounting as . to .., what’s in these trust accounts and ... what’s in the estate and what passed ... directly [to Karen] based on rights of survivorship.”
Because the trial court clearly indicated its intent to order some type of limited accounting posttrial, and because the court’s March 7, 2014, order does not specifically address the trusts’ demand for an accounting, this claim, ■ too, appears to remain pending in the trial court,

C. The Restated Counterclaim

The trial court’s March 7, 2014, order permitted the parties “to file a restated complaint, answer, or counterclaim ... if there are claims or issues they would still like to litigate.” (Emphasis added.) On May 6, 2014, Keith filed the following restated counterclaim:[7]
“Pursuant to the Court’s [March 7, 2014, order], counterclaim plaintiff hereinafter enumerates his claims and issues which remain pending for the Court’s consideration. Since the entry of the order, counterclaim defendants have filed a Notice of Appeal with the Alabama Supreme Court. While it may be appropriate for the consideration of these issues by the Court to be deferred until such time as the appellate court has ruled on the issues on appeal, this pleading is made in order to preserve these issues as required by the order.
“1. Counterclaim plaintiff renews Count One of Keith William Phillips’ Counterclaim filed November 7, 2011 (Breach of Contract), specifically including, but not limited to, the demand for legally allowable interest, costs, ex *477 penses and reasonable attorney’s fees (to which he is entitled -under Section 12.3 and Section 14.7 of the Operating Agreement of Kirkley LLC (the ‘Operating Agreement’)).
“2. Counterclaim plaintiff renews Count Two. of Keith William Phillips’ Counterclaim filed November 7, 2011 (Declaratory Judgment), specifically including, but not limited to, the demand that the Court declare whether all relevant and material obligations of the Operating Agreement have been satisfied. This would include' a demand'that the Coui’t declare that Keith William Phillips is the' undisputed owner of 48.06803% of the estate’s 74.11968% interest in Kirkley LLC — 35.62787%—and $259,567.36 (48.06803% of the $540,000 paid into the Probate Court and withdrawn by the estate following the court’s order regarding granting of néw trial entered March 7,2014) ½ the undisputed fair market value and option price for such interest. Moreover, [the Phillips-es] assert' that the obligations • of the estate to Keith William' Phillips for attorneys’ fees and costs which he is' entitled to under Section 12.3 and Section 14.7 of the operating agreement have heretofore not been • adjudicated by the court.
“3. Counterclaim plaintiff renews Count Three of Keith William Phillips’ Counterclaim filed November 7, 2011 (Specific Performance), specifically including, but not limited to, his demand for costs, expenses and reasonable attorney’s fees (to which he is entitled under Section 12.3 and Section 14.7 of the operating agreement), and renews his demand that, the Court retain jurisdiction over this action- for purposes of enforcing the declaratory judgment.
“4. Counterclaim plaintiff renews Count Eight of Keith William Phillips’ Third Counterclaim filed May 15, 2013 (Alabama Litigation Accountability Action Complaint).” .

D. The ALAA Claim

Donna Jo and Kirkley LLC assert that the counterclaim for attorney fees under the ALAA remains pending for adjudica^ tion in the trial court. Pursuant to the ALAA, a trial court must assess attorney fees against a party who brings an action or asserts a claim or defense that is “without substantial justification.” Ala.Code 1975, § 12-19~272(a). In Casey v. McConnell, 975 So.2d 384, 388-89 (Ala.Civ.App.2007), the Court' of Civil Appeals explained:
“The ALAA provides that the court must award attorney fees and costs as a part of its judgment bn the merits of the case; it does not create a new or separate cause of action that can be brought after a case is litigated and given a final adjudication on the merits. Ala.Code 1975,' § 12-19-270; Gonzalez, LLC v. DiVincenti, 844 So.2d 1196, 1201 (Ala' 2002). The language of the ALAA, allows the trial court to consider the outcome of proceedings when making its determination as to whether a party’s action was without substantial justification. Ala.Code 1975, § 12-19-273(7); Gonzalez, 844 So.2d at 1201; and Meek v. Diversified Prods. Corp., 575 So.2d 1100, 1103 (Ala.1991). Thus, the trial court can hold a separate hearing on an ALAA claim after the entry of a final judgment on the merits provided that the trial court specifically reserves jurisdiction to hear the ALAA claim. Gonzalez, 844 So.2d at 1201. Otherwise, a judgment that does not reserve • jurisdiction to hear the ALAA-claim at a. later date puts an end to all controversies at issue, including the ALAA claim. Gonzalez, 844 So.2d at 1201-02; see also *478 Baker v. Williams Bros., Inc., 601 So.2d 110, 112 (Ala.Civ.App.1992).”
In this case, the initial trial judge entered a pretrial order dated October 31, 2013, denying the estate plaintiffs’ motion to dismiss “Donna Phillips, Keith Phillips, and Kirkley LLC’S counterclaim for fees and costs under the [ALAA]” and noting that the claims remained pending. However, the trial judge neither ruled on the ALAA claim in its March 7, 2014, order nor expressly reserved jurisdiction to hear the claim at a later date. Rather, the trial judge expressly permitted the parties- to file within 60 days of the March 7, 2014, order a restated complaint, an answer, .or a counterclaim addressing any claims and/or issues that they would still like to litigate; Keith reasserted the ALAA claim in his restated counterclaim. Because the request for attorney fees under the ALAA was made before the trial court entered its March 7, 2014, order, because the order permitted the parties to file a restated complaint, answer, or counterclaim as to any claims they still would like to litigate, because Keith filed a restated counterclaim reasserting the ALAA claim, .and because the trial judge who initially entered the order did not certify the order as a final order under Rule 54(b), Ala. R. Civ. P., we conclude that the initial trial judge, prior to his recusal, impliedly reserved jurisdiction over the ALAA claim so as to rule on that claim.

E. Attorney Fees and Costs Under the Operating Agreement

Finally, Donna Jo and Kirkley LLC assert that, although the March 7, 2014, order addressed the claim seeking a judicial determination that the Phillipses had satisfied their obligations under the operating agreement, the order does not address the Phillipses’ claim for specific performance, in which they requested that the estate be ordered to specifically perform its obligations under the operating agreement— including its obligation, as the losing party in the litigation, to pay attorney fees and costs to the prevailing party. Section 14.7 of the operating agreement states:
“In connection with any litigation, including appellate proceedings, arising out of or-under this Agreement, the prevailing party in - such litigation shall be entitled to recover reasonable attorneys’ fees and costs from the losing party.”
The operating agreement expressly provides that the nonprevailing party in litigation shall be entitled to recover attorney fees and costs from the nonprevailing party. The trial court noted in the record posttrial that the claim for attorney fees and costs under the operating agreement was “reserved for another day.” However, the March 7, 2014, order does not address the claim. Donna Jo and Kirkley LLC maintain that that claim remains pending in the trial .court. We-note that the parties have not addressed the issue concerning how an unresolved claim for attorney fees and costs provided for under a contract not directly at issue affects the purported finality of a judgment. In State Board of Education v. Waldrop, 840 So.2d 893, 899 (Ala.2002) (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)), this Court stated that “a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.” In Budinich, the United States Supreme Court explained that, “[a]t common law, attorney’s fees were regarded as an element of ‘costs’ awarded to the prevailing party ..., which are not generally treated as part of the merits, judgment.” 486 U.S. at 200, 108 S.Ct. 1717 (citation omitted). The Supreme Court further stated that *479 “Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a ‘final decision’ ... whether or not there remains for adjudication a request for attorney’s fees attributable to the case.” 486 U.S. at 202-03. We further note, however, that some courts have distinguished Budinich on the basis that an exception to the bright-line rule exists where attorney fees are awarded pursuant to a contract. See, e.g., In re Porto, 645 F.3d 1294, 1300 (11th Cir.2011)(“We recognize that this Court and others have held that when attorney’s fees are awarded pursuant to a contract or are computed as part of the damages award, an order on the merits does not become final and appealable until the attorney’s fees issue is resolved.”); Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A v. Medpartners, Inc., 312 F.3d 1349, 1355 (11th Cir.2002)(“In this Circuit, a request for attorneys’ fees pursuant to a contractual clause is considered a substantive issue; and an order that leaves a substantive fees issue pending cannot be ‘final.’ ”); and Ierna v. Arthur Murray Int’l, Inc., 833 F.2d 1472, 1476 (11th Cir.1987) (noting that, “[w]hen the parties contractually provide for attorneys’ fees, the award is an integral part of the merits of the case” and that, “[bjecause thé parties provided in their agreement for costs and expenses to be awarded to the prevailing party, the award is integral to the merits”). Suffice it to say, this Court makes' no ruling on the issue whether the attorney fees provided for in the operating agreement constitute an integral part of the merits of this case or whether they are collateral thereto, insofar as the parties have not briefed the issue. Rather, in light of the entirety of our foregoing discussion, it is abundantly apparent to this Court that this case does not present the type of situation that Rule 54(b) was intended to cover. ■

IV. Conclusion

The trial court certified the March 7, 2014, order as final in all respects. However, we conclude that this case does not present the type of situation that Rule 54(b) was intended to cover, insofar as the trial court certified as final claims that clearly remain pending in the trial court. Additionally, the trial court failed to make any ruling in the order regarding whether Keith Phillips remains a party to the equitable claims asserted in the proceedings, and, despite certifying the order as final in all respects, the trial court has continued to exercise jurisdiction over the case by entertaining motions filed by the parties and conducting additional discovery. For these reasons, we conclude that the March 7, 2014, order is not a final appealable order and that the trial court exceeded its discretion in determining that there was no just reason for delay and in certifying the order as final under Rule 54(b), Ala. R. Civ. P. Accordingly, the appeals are dismissed. “A nonfinal judgment will not support an appeal.” Whitehurst v., Peak, 819 So.2d 611, 615 (Ala.2001)., See also Pavilion Dev., L.L.C. v. JBJ P’ship, 142 So.3d 535, 542 (Ala.2013) (“In light of the fact that the trial court’s order failed to address the claims of all the assorted parties claiming an interest in the subject property, we can reach no other conclusion but that the trial court exceeded its discretion in certifying its judgment as final for purposes of an immediate appeal.”).
1130812 — APPEAL DISMISSED.
1130850 — APPEAL DISMISSED.
MOORE, C,J., and MURDOCK and BRYAN, JJ., concur.
MAIN, J., concurs in the result.

. At the time the initial complaint was filed, no trustee had heen named for Lisa and Steven’s testamentary trusts. Donna Jo was subsequently appointed trustee of both trusts.

. ' On January 15, 2013, the Lisa Kirkley Thompson Testamentary Trust and the Steven Randall Kirkley Testamentary Trust (“the trusts”) filed a counterclaim, seeking a judicial determination that the amended complaint initiated a proceeding that would prevent the provisions of Mr. Kirkley’s will from being carried out in violation of the in terro-rem clause contained in the will, thus revoking the benefits provided in the will to Karen and Holly. On May 1, 2013, the trusts filed a second counterclaim, alleging claims of breach of confidential relationship, breach of fiduciary duty, and conversion and demanding an accounting. The trusts are not parties to these appeals.

. The operating agreement provides that “[i]n connection with any litigation, including appellate proceedings, arising out of-or under , this Agreement, the prevailing party in such . litigation shall be entitled to recover reasonable attorneys’ fees and costs from the losing .party.”

. Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).

.The trial court noted in a footnote in its order that "Keith Phillips was sued in his capacity as a Member of Kirkley LLC" and that "[t]he defense has asserted that [the estate plaintiffs] dismissed all claims against Keith at trial, including all equitable issues. ■The Court makes no ruling on this issue for the purposes of this Order.”

. The trial court performed its own valuation ’ of the fair market value of Mr. Kirkley’s 74.11968% membership interest based on Ae testimony of the experts who testified at the trial. .

. Donna Jo and Kirkley LLC imply in their brief to this Court that Keith filed the restated counterclaim on behalf of all the counterclaim plaintiffs, i.é., Donna Jo, Keith, and Kirkley LLC.