In 1994, after 24 years of marriage, Paula Corbin Powell, the wife, and Chris Powell, the husband, were divorced. Over the next 3 years, the parties engaged in a line of litigation with each other. Because it is not pertainent to this appeal, we will not set out the complete procedural history of this case. However, the pertinent procedural history is as follows.
On August 4, 1997, the wife moved the court to find the husband in contempt for failing to make certain payments ordered in a judgment of January 7, 1997. The wife attempted to garnish the husband's bank account. On November 20, 1997, the father filed petition to modify his alimony obligation and asked the court to determine the current amount of the arrearage, and to divide and allocate his Social Security benefits. On December 10, 1997, the wife filed a motion entitled "Motion for order to Pay Money into Court," asking the court to order that certain money in the husband's bank account and certain money held by the husband be paid into the court. She also asked the court to award her half of the cost she had paid for the son's medical treatment. She claimed that the amount of arrearage was $13,893.55. On December 12, 1997, the husband filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Georgia.
The trial court held a hearing on all these matters and on January 7, 1998, entered a judgment denying the husband's petition to modify, finding that the amount of the arrearage was $19,356.05, and finding the husband in contempt of court for failing to pay the court ordered payments. The court ordered the husband to pay into court his Social Security benefit check, the cash he had on hand, and the money in his bank account. The court stated:
 "[the] deputy register shall hold all said funds until a determination is reached by the Trustee in bankruptcy in Georgia where the former husband has filed for Chapter 7. This court finds that said income received by the former husband and, income in cash and the SouthTrust account *Page 82 
[were] disability income received by the former husband and, therefore, not subject to creditors' claims, other than the former wife's alimony obligation. However, there shall be no disbursement of same until the referee in Bankruptcy and/or Bankruptcy Court in Georgia has stated the same in a Court Order."
The court also held that the husband was not responsible for payment of non-covered medical expenses for the son. The court ordered the husband to authorize that his monthly retirement check be transferred to a bank account for payment of alimony. The court also continued the matter until February 25, 1998, to determine "how arrearage payments shall be handled in the future."
The wife filed a motion "to correct judgment." She asked the court to provide that the husband transfer his ownership of his life insurance policy to her. On February 17, 1998, the husband appealed to this court. On February 25, 1998, the trial court held a hearing, and on February 26 entered an order stating that the husband was still in bankruptcy and stating that the husband was obligated to maintain a life insurance policy on his life, but noting that that obligation was subject to the future bankruptcy ruling. Further, the court stated that "all matters complained of in the motion filed by the former wife are hereby stayed pending final ruling by the Bankruptcy Court."
"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor v. Taylor, 398 So.2d 267,269 (Ala. 1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54 (b), Ala.R.Civ. P.; See McGlothlin v. FirstAlabama Bank, 599 So.2d 1137 (Ala. 1992). A "final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.'" Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990), citing Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). The question whether a judgment is final is jurisdictional, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case on its own motion. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869,871 (Ala.Civ.App. 1979).
We note that pursuant to Rule 54 (b), a court may direct the entry of a final judgment as to fewer than all of the claims presented in a particular case. See Bean v. Craig, 557 So.2d 1249
(Ala. 1990). However, the trial court did not make its ruling on the husband's motion to modify the alimony provisions final under Rule 54 (b).
We find that the trial court's January 7, 1998, order was not final. The question of finality of the order may be phrased as whether there is "something more for the court to do." Wesley v.Brandon, 419 So.2d 257 (Ala.Civ.App. 1982). Clearly, there is something more for the court to do here. The order appealed from did not resolve all the issues before the court. In fact, the order stated that other matters were being continued to a later date. Thus, the husband's appeal was premature. Moreover, the wife's motion "to correct judgment" was pending before the trial court when the husband appealed. Thus, even if the January 7, 1998, order had been final, this court would not have jurisdiction because that motion would have to be treated as a pending post-judgment motion. See McDonald v. McDonald,492 So.2d 611 (Ala.Civ.App. 1986).
Because this court has no jurisdiction over this appeal, because it is not based on a final judgment, we will not address what effect the bankruptcy filing had on the jurisdiction of the trial court and this court.
The appeal is dismissed.
The wife's request for an award of an attorney fee is granted, in the amount of $750.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur. *Page 83