The former husband appeals from the ruling in a post-divorce action.
This case has a long procedural history. The parties were divorced in September 1994. Sherry Kay Hinson, the wife, was awarded custody of the parties' children, and Edwin Wayne Hinson, Jr., the husband, was ordered to pay child support and to pay all the debts of the parties. The wife filed several contempt petitions alleging that the husband had failed to pay child support; the husband was found in contempt several times and each time was ordered to pay child support plus an arrearage amount. The husband did not appeal any of those final orders. On July 13, 1998, the wife filed a "motion for immediate relief," alleging that she was being held responsible for tax liens jointly owed by the parties. She argued that the husband had been ordered to pay those liens *Page 281 
pursuant to a previous order. On January 21, 1999, after hearing ore tenus testimony from the mother regarding only the tax liens, the trial court entered a judgment in her favor against the husband for past-due child support in the amount of $8,921.80 and ordered the parties to provide their tax returns in order for it to determine the tax liability. It is from this last order that the husband appeals.
On appeal the husband contends that the trial court abused its discretion when it entered its order awarding the wife a judgment for past-due child support without hearing testimony on the arrearage. The wife does not favor this court with a brief.
"`It is a well-established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.'" Powell v. Powell,718 So.2d 80, 82 (Ala.Civ.App. 1998), quoting Taylor v. Taylor,398 So.2d 267, 269 (Ala. 1981). "A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims." Powell, at 82. See Rule 54(b), Ala.R.Civ.P. "A `final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants."`" Powell, at 82, quotingDees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990). "The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion." Powell, at 82.
The record indicates that the trial court's order of January 21, 1999, was not final. "The question of finality of the order may be phrased as whether there is `something more for the trial court to do.'" Id., quoting Wesley v. Brandon, 419 So.2d 257,258 (Ala.Civ.App. 1982). The judge's entry on the case action summary sheet for that date states: "Judgment entered in the amount of $8921.80 in favor of Sherry Hinson against Edwin Wayne Hinson, Jr. Parties are to provide tax returns in order that tax liability can be established. Notify." Clearly, the trial court had not finally determined all the claims before it. Thus the husband's appeal was premature.
Because this court has no jurisdiction over this appeal, the appeal is dismissed.
APPEAL DISMISSED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ. concur.