COBB, Chief Justice.
 

 In these consolidated appeals, The Greens at Auburn, an Arkansas limited partnership; The Greens at Auburn Land Development, an Arkansas limited partnership; and The Greens at Auburn Land Holdings, LLC, an Arkansas limited liability company (collectively, “the Greens”), and the Loachapoka Water Authority, Inc. (“LWA”), appeal from a partial summary judgment in favor of the Water Works Board of the City of Auburn (“AWWB”). The trial court certified the partial summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Because we hold
 
 *421
 
 that the trial court exceeded its discretion in certifying the partial summary judgment as final, we set aside the certification and remand the case to the trial court.
 

 Facts and Procedural History
 

 AWWB is a waterworks board organized under Ala.Code 1975, § 11-50-230 et seq., to provide water and sewer service to locations within the city limits of Auburn and to the territory surrounding Auburn. LWA is a rural water authority organized under Ala.Code 1975, § 11-88-1 et seq., and is authorized by the Lee County Commission to provide water service in certain originally unincorporated areas in Lee County. As Auburn has grown westward and southward, the city limits have expanded to include certain portions of the territory to which LWA is authorized to provide service. Several disputes have arisen between AWWB and LWA concerning which entity will provide service in these overlapping areas.
 

 On March 30, 2009, AWWB filed a complaint against LWA seeking a judgment declaring it to be the entity that could provide domestic water service, sewer service, and water for fire protection to several discrete locations within the disputed service areas and seeking to permanently enjoin LWA from serving those areas. A subdivision under development when the complaint was filed known as “The Greens at Auburn” was located in one of the disputed service areas that formed the basis of AWWB’s complaint. With respect to The Greens at Auburn, AWWB sought a judgment (1) declaring that LWA had no legal right to supply water for fire protection to the subdivision and (2) permitting AWWB to provide water for fire protection to the subdivision.
 

 On May 7, 2009, the Greens, the owners and developers of The Greens at Auburn, filed a motion to intervene (which the trial court subsequently granted), a separate complaint against AWWB, and a motion to dismiss. The Greens sought dismissal of AWWB’s complaint as it related to The Greens at Auburn on the ground that AWWB was, they said, an “alter ego” of the City of Auburn and was therefore es-topped from claiming that LWA could not provide water for fire protection to The Greens at Auburn because the City of Auburn had previously approved the water system for the subdivision. Further, in their complaint, the Greens sought a judgment declaring that “LWA has the continuing authority and right to provide both domestic and fire flow service to” The Greens at Auburn.
 

 On May 20, 2009, LWA filed an answer to AWWB’s complaint. On September 9, 2009, LWA filed an amended answer to AWWB’s complaint and a counterclaim requesting various forms of relief on the ground that AWWB was allegedly illegally duplicating LWA’s services.
 

 On October 6, 2009, AWWB filed an amended complaint, which, with respect to matters pertaining to The Greens at Auburn, was identical to the original complaint. On October 20, 2009, LWA filed an answer to AWWB’s amended complaint. On November 5, 2009, LWA filed an amended counterclaim seeking additional relief for AWWB’s alleged duplication of LWA’s services.
 

 On April 27, 2010, AWWB moved for a summary judgment on some of the claims in its complaint, including its request for a judgment declaring that it, and not LWA, had the right to supply water for fire protection to The Greens at Auburn. AWWB also sought a summary judgment on LWA’s counterclaim.
 

 On June 9, 2010, the trial court entered a partial summary judgment in favor of AWWB on the majority of the claims asserted in AWWB’s complaint, including
 
 *422
 
 those claims pertaining to The Greens at Auburn. In the same order, the trial court dismissed LWA’s counterclaim against AWWB and certified the partial summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.
 

 On June 18, 2010, LWA filed a notice of appeal to this Court from the trial court’s partial summary judgment (case no. 1091297). On July 21, 2010, the Greens filed a notice of appeal to this Court from the trial court’s partial summary judgment (case no. 1091461).
 
 [1]
 

 Analysis
 

 On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial court regarding the existence of jurisdiction.
 
 See Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983) (“Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction
 
 ex mero motu.”
 
 (citing
 
 City of Huntsville v. Miller,
 
 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))). In the absence of subject-matter jurisdiction, this Court has no power to consider the merits of an appeal.
 
 See Ex parte V.S.,
 
 918 So.2d 908, 912 (Ala.2005) (quoting
 
 Flannigan v. Jordan,
 
 871 So.2d 767, 768 (Ala.2003)).
 

 “ ‘The question whether an order appealed from is final is jurisdictional....’ ”
 
 Hinson v. Hinson,
 
 745 So.2d 280, 281 (Ala.Civ.App.1999) (quoting
 
 Powell v. Powell,
 
 718 So.2d 80, 82 (Ala.Civ.App.1998)). “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.”
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981).
 

 With respect to the finality of judgments adjudicating fewer than all claims in a case, Rule 54(b), Ala. R. Civ. P., provides:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... [I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”
 

 “If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will
 
 generally
 
 lie from that judgment.”
 
 Baugus v. City of Florence,
 
 968 So.2d 529, 531 (Ala.2007) (emphasis added). However, this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is “no just reason for delay.” Rule 54(b);
 
 see also Scrushy v.
 
 
 *423
 

 Tucker,
 
 955 So.2d 988, 996 (Ala.2006) (“Whether there was ‘no just reason for delay’ is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.”).
 

 A trial court exceeds its discretion in determining that there is “no just reason for delay” when the “the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ ”
 
 Schlarb v. Lee,
 
 955 So.2d 418, 419-20 (Ala.2006) (quoting
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002), quoting in turn
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).
 
 See also Centennial
 
 As
 
 socs., Ltd. v. Guthrie,
 
 20 So.3d 1277, 1281 (Ala.2009) (“ ‘It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.’ ” (quoting 10 Charles Alan Wright et al.,
 
 Federal Practice and Procedure
 
 § 2659 (1998))).
 

 In this case, one of the claims disposed of by the partial summary judgment was AWWB’s claim seeking a judgment (1) declaring that LWA had no legal right to supply water for fire protection to The Greens at Auburn and (2) permitting AWWB to provide water for fire protection to The Greens at Auburn. AWWB argued that it was entitled to this relief because LWA was not incorporated as a “fire protection service.” In the partial summary judgment, the trial court stated, in pertinent part: “LWA does not have the legal right to provide water for fire protection to [T]he Greens [at Auburn] because LWA is not authorized by its certificate of incorporation, as amended, to provide fire protection service.”
 

 The complaint filed by the Greens was pending when the trial court entered the partial summary judgment in favor of AWWB. The trial court did not enter a judgment on the Greens’ complaint. In their complaint, the Greens alleged that because AWWB is an “alter ego” of the City of Auburn and because the City of Auburn had approved the water system for The Greens at Auburn, including LWA’s provision of the water services, AWWB was estopped from denying that LWA was legally entitled to provide water for fire-protection services to The Greens at Auburn. Further, the Greens sought a judgment declaring that “LWA has the continuing authority and right to provide both domestic and fire flow service to” The Greens at Auburn.
 

 The Greens’ pending complaint against AWWB and the partial summary judgment entered by the trial court on AWWB’s claims against LWA both require resolution of the same issue: specifically, whether LWA has the right to provide water to The Greens at Auburn for fire-protection services. Therefore, the Greens’ pending claims are so intertwined with AWWB’s claims that they cannot be separately enforced and they should not be separately adjudicated.
 
 Centennial,
 
 20 So.3d at 1281 (quoting 10 IVright § 2659) (“ ‘An appellate court ... should not hear appeals that will require it to determine questions that remain before the trial court with regard to other claims.’ ”).
 
 Cf. Branch,
 
 514 So.2d at 1374 (“Rule 54(b) is properly applied in a situation where the claim and the counterclaim present more than one claim for relief, either of which could have been separately enforced.
 
 Cates v. Bush,
 
 293 Ala. 535, 307 So.2d 6 (1975).... The facts in this case, however, do not present the type of situation that Rule 54(b) was intended to cover....
 
 *424
 
 [T]he issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately.”).
 

 Accordingly, the trial court exceeded its discretion in determining that there was no just reason for delay and in certifying the partial summary judgment as final under Rule 54(b).
 
 Cf. Smith v. Slack Alost Dev. Servs. of Alabama, LLC,
 
 32 So.3d 556, 562-63 (Ala.2009) (“[A]t least some of the issues presented in the still pending claim against Smith are the same as the issues presented in the appeal now brought by Smith and Smith & Weems Investments.... Repeated appellate review of the same underlying facts would be a probability in this case, and, in light of this Court’s stated policy disfavoring appellate review in a piecemeal fashion, see
 
 Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004), we accordingly hold that the trial court exceeded its discretion in certifying the judgment entered against Weems as final pursuant to Rule 54(b).”);
 
 Howard v. Allstate Ins. Co.,
 
 9 So.3d 1213, 1215 (Ala.2008) (holding that judgments on the claims against certain defendants had been improperly certified as final under Rule 54(b), because pending claims against' the remaining defendants depended upon the resolution of common issues); and
 
 Palmer v. Resolution Trust Corp.,
 
 613 So.2d 373, 376 (Ala.1993) (holding that a summary-judgment order was improperly certified as final for purposes of appeal where issues necessary to a resolution of the appeal were common to issues necessary to the resolution of counterclaims still pending in the trial court).
 

 Because the Greens’ pending claims against AWWB and AWWB’s claims against LWA disposed of by the partial summary judgment are so intertwined that they cannot be separately enforced, the trial court exceeded its discretion in finding that there was no just reason for delay of the entry of the partial summary judgment and in certifying that judgment as final under Rule 54(b). We therefore set aside the certification and remand the case to the trial court.
 
 See Palmer v. Resolution Trust Corp.,
 
 613 So.2d at 376 (“[T]he certification of ... summary judgment as final was premature, given the nature of the. [defendants’] outstanding counterclaims. Therefore, the certification is set aside and the case is remanded to the trial court.”). Because we are remanding this case to the trial court, all motions pending before this Court in case no. 1091297 and case no. 1091461 are moot.
 

 1091297 — RULE 54(b), ALA. R. CIV. P., CERTIFICATION SET ASIDE; REMANDED.
 

 1091461 — RULE 54(b), ALA. R. CIV. P., CERTIFICATION SET ASIDE; REMANDED.
 

 STUART, PARKER, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . AWWB argues that the Greens cannot appeal from the partial summary judgment because, it argues, the partial summary judgment did not dispose of the Greens’ claims asserted against AWWB in their complaint and those claims remain pending. Because we dispose of the Greens' appeal on other grounds, we need not address AWWB's argument on this point.