PARKER, Justice.
Harry Coughlin and Bettye Coughlin appeal the Jefferson Circuit Court’s judg *743 ment dismissing Mike Hale from an action they filed against Hale[1] and others. We dismiss the Coughlins’ appeal as untimely.

Facts and Procedural History

On February 29, 2008, the Coughlins sued Hale, among others, seeking money damages for numerous claims arising out of an ongoing dispute between the Cough-lins and their neighbors. The Coughlins stated in their complaint that “[a]ll of the acts complained of herein were done by the above named agents/employees of Jefferson County with the full knowledge and consent of Jefferson County.”
On March 26, 2008, Hale, among other defendants not parties to this appeal, filed a motion to dismiss in which they argued that the circuit court lacked subject-matter jurisdiction over them based upon the doctrine of sovereign immunity as established in Art. I, § 14, Alabama Constitution of 1901. On July 2, 2008, the circuit court entered an order granting the motion to dismiss as to Hale and certified its order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
On November 16, 2010, the circuit court entered its final judgment disposing of all the remaining claims against the remaining parties. On November 22, 2010, the Coughlins filed a postjudgment motion, which the circuit court denied on November 30, 2010. On December 9, 2010, the Coughlins filed a notice of appeal to this Court listing Hale as the sole appellee.

Discussion

Hale argues on appeal that “[t]he Coughlins’ appeal is not timely under [Rule 4,] Ala. R.App. P.[,[2]] and should be dismissed.” Hale’s brief, at p. 11. Hale argues that, because they filed their appeal more than 42 days after the circuit court entered its order dismissing Hale from the action based on the doctrine of sovereign immunity, which order the circuit court certified as final pursuant to Rule 54(b), the Coughlins’ appeal is untimely. We agree.
In order to determine the timeliness of the Coughlins’ appeal, we must first determine whether the circuit court exceeded its discretion in certifying its order dismissing Hale from the action as a final judgment. Concerning judgments certified as final pursuant to Rule 54(b), this Court recently held in Loachapoka Water Authority, Inc. v. Water Works Board of Auburn, 74 So.3d 419, 422-23 (Ala.2011):
“ ‘If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.’ Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007) (emphasis added). However, this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is ‘no just reason for delay.’ Rule 54(b); see also Scrushy v. Tucker, 955 So.2d 988, 996 (Ala.2006) (‘Whether there was “no just reason for delay” is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.’).
“A trial court exceeds its discretion in determining that there is ‘no just reason for delay’ when ... ‘the issues in the claim being certified and a claim that *744 will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006) (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). See also Centennial Assocs., Ltd. v. Guthrie, 20 So.3d 1277, 1281 (Ala.2009) (‘ “It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998))).”
The Coughlins make no argument, nor is there anything in the record, to indicate that the circuit court exceeded its discretion in determining that there was no just reason for delay and in certifying its order dismissing Hale as a defendant as a final judgment under Rule 54(b). The circuit court dismissed Hale from the Coughlins’ action because it lacked subject-matter jurisdiction over him, leaving no claim pending before the circuit court against Hale. Therefore, there was no risk that “a claim ... pending in the trial court ‘ “ ‘[was] so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ ” Loachapoka Water Auth., 74 So.3d at 423 (quoting other cases).
The Coughlins filed their notice of appeal from the circuit court’s July 2, 2008, order in favor of Hale on December 9, 2010, more than two years after the judgment from which they purport to be appealing had been entered. The Coughlins’ appeal does not comply with Rule 4(a)(1), Ala. R.App. P., because it was filed more than 42 days after the circuit court entered its order dismissing Hale from the action, which it made final pursuant to Rule 54(b), Ala. R. Civ. P.; thus, their appeal is untimely.

Conclusion

Based on the foregoing, we dismiss the Coughlins’ appeal as untimely.
APPEAL DISMISSED.
MALONE, C.J., and STUART and WISE, JJ., concur.
SHAW, J., concurs in the result.

. Mike Hale is the sheriff of Jefferson County.

. Rule 4(a)(1), Ala. R.App. P., states:
“Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from....”