MOORE, Judge.
Frances Mack appeals from a judgment entered by the Etowah Circuit Court ("the circuit court") in favor of Alan Arber on her claims arising from damage she allegedly sustained in a motor-vehicle accident with Arber. We dismiss the appeal.
*485 Facts and Procedural History
On January 20, 2017, Mack filed a complaint against Arber seeking "compensatory and punitive damages as determined reasonable by a jury" for "negligence, wantonness and property damage she sustained in connection with a motor vehicle accident on March 27, 2015." On January 27, 2017, Arber answered the complaint.
On February 1, 2017, Arber filed a motion requesting that the trial court enforce a settlement agreement ("the settlement agreement") that Kevin Barnes, a former attorney for Mack, had allegedly entered into on behalf of Mack relating to the motor vehicle-accident referenced in Mack's complaint; Arber also requested in that motion that the trial court dismiss Mack's complaint against him. Arber attached evidentiary submissions in support of his motion. On April 10, 2017, Mack responded to that motion, arguing that she had not authorized Barnes to enter into the settlement agreement. Mack also attached evidentiary submissions in support of her response. On April 13, 2017, the trial court granted Arber's motion to enforce the settlement agreement. On April 17, 2017, Arber requested permission from the trial court to pay the funds required by the settlement agreement into court; that motion was granted the next day.
On May 1, 2017, Barnes filed a motion to intervene to assert a claim for attorney's fees and expenses for his having negotiated the settlement agreement on Mack's behalf; that motion was granted that same day. On May 3, 2017, Arber filed a motion again requesting that the trial court dismiss the claims asserted against him. On May 9, 2017, Mack filed a notice of appeal to the Alabama Supreme Court; that appeal was transferred to this court, and this court subsequently dismissed the appeal as having been taken from a nonfinal judgment. See Mack v. Arber, 266 So. 3d 32 (Ala. Civ. App. 2016) (table). On June 6, 2017, the trial court denied Arber's motion to dismiss as moot.
On October 2, 2017, Mack filed an amendment to her complaint, adding a claim for uninsured/underinsured-motorist benefits against Nationwide Mutual Insurance Company. On that same date, Arber renewed his motion to dismiss.
On November 22, 2017, Barnes filed a motion requesting that the trial court allow him to pay certain "MedPay funds" into court. That motion was later granted. On November 22, 2017, Nationwide answered and moved to dismiss the claim asserted against it.
After a hearing, the trial court entered an order on December 1, 2017, granting the pending motion to dismiss the claims against Arber; that order stated that the case remained pending as to the claims involving the other parties. The trial court also certified the order as final pursuant to Rule 54(b), Ala. R. Civ. P. On January 11, 2018, Mack filed her notice of appeal.
Discussion
On appeal, Mack argues that she had "expressly rejected the settlement offer and, therefore, [Barnes] did not have [Mack's] authority to enter into the alleged settlement agreement."
Although the parties have not raised the issue of the appropriateness of the circuit court's Rule 54(b) certification of its December 1, 2017, order, this court directed the parties to file letter briefs addressing whether the claims against Arber, which were resolved by the circuit court in its December 1, 2017, order, and the claims that remain pending in the trial court, i.e., the claims involving Barnes and Nationwide, are " ' " 'so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,' " ' "
*486 Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So.3d 419, 423 (Ala. 2011) (quoting Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala. 2006), quoting in turn Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala. 2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987) ). Mack filed a letter brief with this court asserting that the Rule 54(b) certification should be set aside. Arber did not file a letter brief with this court on the Rule 54(b) issue.
" 'If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.' Baugus v. City of Florence, 968 So.2d 529, 531 (Ala. 2007) (emphasis added). However, this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is 'no just reason for delay.' Rule 54(b) ; see also Scrushy v. Tucker, 955 So.2d 988, 996 (Ala. 2006) ('Whether there was "no just reason for delay" is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.').
"A trial court exceeds its discretion in determining that there is 'no just reason for delay' when ... 'the issues in the claim being certified and a claim that will remain pending in the trial court " 'are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.' " ' Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala. 2006) (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala. 2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987) ). See also Centennial Assocs., Ltd. v. Guthrie, 20 So.3d 1277, 1281 (Ala. 2009) (' "It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties." ' (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998) ) )."
Loachapoka Water Auth., Inc., 74 So.3d at 422-23.
With regard to the claim filed by Barnes, we note that, if this court rules that Mack rejected the settlement offer and that Barnes did not have the authority to enter into the settlement agreement on Mack's behalf, and the trial court awards Barnes attorney's fees and expenses relating to his having negotiated the settlement agreement on behalf of Mack, those results would be inconsistent. Because Barnes's unadjudicated claim is " ' " 'so closely intertwined [with Mack's claim against Arber] that separate adjudication would pose an unreasonable risk of inconsistent results,' " ' " Loachapoka Water Auth., Inc., 74 So.3d at 423 (quoting Schlarb, 955 So.2d at 419-20, quoting in turn Clarke-Mobile Counties Gas Dist., 834 So.2d at 95, quoting in turn Branch, 514 So.2d at 1374 ), we hereby dismiss this appeal. Schlarb v. Lee, 955 So.2d at 420. In light of our disposition, we pretermit discussion of whether the pendency of Mack's claim against Nationwide prevents a valid certification pursuant to Rule 54(b).
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.