THOMPSON, Presiding Judge.
*649 Turner Brock appeals from a judgment of the Henry Circuit Court ("the trial court") determining that he and Jimmy Morris had entered into a "binding contract" regarding the placement of a dock at Brock's house on Lake Eufaula. For the reasons discussed below, we dismiss the appeal.
The record indicates that on August 18, 2017, Jimmy Morris and Carol Morris, as the plaintiffs, filed a verified complaint in the trial court seeking a preliminary injunction and a permanent injunction against defendants Turner Brock and Linda Brock to prevent the Brocks from building a dock in a certain location and to compel them to build the dock pursuant to a compromise allegedly reached between Jimmy Morris and Turner Brock. In the complaint, the Morrises asserted that they were married and jointly owned property on Lakeview Street in Abbeville ("the Morris property"). They alleged that the Brocks were married and jointly owned the property contiguous with the Morris property on Lakeview Street ("the Brock property"). Both Jimmy Morris and Carol Morris executed the verified complaint. Also on August 18, 2017, the Morrises filed a motion for a preliminary injunction pursuant to Rule 65, Ala. R. Civ. P.
On August 30, 2017, the Morrises filed an amended complaint adding a paragraph to the original complaint regarding the trial court's jurisdiction over the matter. On September 15, 2017, both Turner Brock and Linda Brock answered the Morrises' complaint. In the answer, the Brocks admitted that they were married and jointly owned the Brock property.
The summonses that were served with the complaint and with the amended complaint were in Turner Brock's name only. No summons for Linda Brock is included in the record. Rule 4(a)(1), Ala. R. Civ. P., states that, "[u]pon the filing of the complaint, ... the clerk shall forthwith issue the required summons or other process for service upon each defendant." (Emphasis added.) It is the plaintiff's duty to furnish the clerk with sufficient copies of the complaint to be served. Rule 4(a)(3), Ala. R. Civ. P. That rule further provides that copies are not required if the complaint is filed electronically. The State Judicial Information System ("SJIS") indicates that the complaint in this case was filed electronically. The rule also provides that the plaintiff shall furnish the clerk with instructions for service of the complaint, "and, when requested by the clerk, the plaintiff shall also furnish sufficient properly completed copies of the summons or other process." Rule 4(a)(5), Ala. R. Civ. P. We note that the SJIS case-action summary does not indicate that Carol Morris is a plaintiff in this action or that Linda Brock is a defendant. Furthermore, Carol Morris testified at the trial, as did Jimmy Morris and Turner Brock. Linda Brock did not testify, and we cannot discern from the record whether she attended the trial.
There is nothing in the record to indicate that Carol Morris dismissed her claims against the Brocks. In the trial court, Linda Brock did not challenge the insufficient or improper service of process at any time during the proceedings.
*650 "An argument as to insufficient or improper service of process may be waived if it is not raised in a motion to dismiss or in the first responsive pleading or a proper amendment thereto. See Rule 12(h)(1), Ala. R. Civ. P. A general appearance by a party either in person or through an attorney waives any objection to improper service of process. Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 53 (Ala. 2003) (quoting Lonning v. Lonning, 199 N.W.2d 60, 62 (Iowa 1972) ) (' "A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court." '). An appearance may be made by filing an answer or other pleading, id. (' "The filing of a pleading is a general appearance." '), or by voluntarily appearing for and participating in trial. Boudreaux v. Kemp, 49 So.3d 1190, 1197 (Ala. 2010) (stating that 'it is true that [the Alabama Supreme] Court has previously acknowledged that a defendant may waive defects in service by voluntarily appearing in the proceedings' but concluding that the parties in question had not appeared or participated in the proceedings at issue).
D.D. v. Calhoun Cty. Dep't of Human Res., 81 So.3d 377, 380-81 (Ala. Civ. App. 2011). Because Linda Brock answered the complaint without raising the issue of improper service of process, she waived her opportunity to object to improper service of process.
The judgment entered in this action does not mention plaintiff Carol Morris or defendant Linda Brock; thus, the judgment does not resolve the claims as to all the parties.[1] This court has repeatedly held that
" ' " '[i]t is a well-established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.' " Powell v. Powell, 718 So.2d 80, 82 (Ala. Civ. App. 1998), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). "A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims." Powell, at 82. See Rule 54(b), Ala. R. Civ. P. "A 'final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." ' " Powell, at 82, quoting Dees v. State, 563 So.2d 1059, 1061 (Ala. Civ. App. 1990). "The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion." Powell, at 82.'
Saunders v. Ingram, 236 So.3d 104, 110 (Ala. Civ. App. 2017) (quoting Hinson v. Hinson, 745 So.2d 280, 281 (Ala. Civ. App. 1999) ). Because there has not been a complete adjudication of all matters in controversy as to all litigants, the judgment entered in this case is not final and will not support an appeal. Therefore, the appeal must be dismissed.
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The notice of appeal was initially filed in the Alabama Supreme Court, which transferred it to this court, pursuant to § 12-2-7(6), Ala. Code 1975. The notice of appeal names only Turner Brock as the appellant and Jimmy Morris as the appellee.