Rel: November 22, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————————

### SC-2024-0253

————————————————

**Jerry & John Woods Construction, Inc.**

**v.**

**John David Jordan and Carol S. Jordan**

**Appeal from Dallas Circuit Court**
**(CV-22-900161)**

COOK, Justice.

In May 2022, Jerry & John Woods Construction, Inc. ("Woods Construction"), entered into a contract with John David Jordan and Carol S. Jordan for the construction of a house and a metal building. After the

Jordans allegedly failed to pay Woods Construction for the work it had performed, the company sued them in the Dallas Circuit Court, asserting claims of breach of contract and unjust enrichment.

The Jordans eventually moved to dismiss the claims against them or, in the alternative, for a summary judgment in their favor on the basis that Woods Construction's failure to maintain the required residential-home-builder's license barred it from bringing civil claims against the Jordans. The Jordans also asserted counterclaims on the basis that the work completed by Woods Construction was done improperly and negligently. Woods Construction opposed the Jordans' motion, asserting that it was not barred from recovering the cost of constructing the metal building, which, it argued, is not a residential home.

Following a hearing, the circuit court entered a summary judgment in favor of the Jordans on Woods Construction's claims after finding that, under § 34-14A-14(d), Ala. Code 1975, a part of Alabama's Home Builders Licensure Act ("the Licensure Act"), § 34-14A-1 et seq., Ala. Code 1975, Woods Construction, as a residential home builder without the proper license, was barred from bringing a civil action against the Jordans to enforce the construction contract between them.

2

As explained below, although the circuit court certified its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., that certification was improper, and therefore this appeal is due to be dismissed.

Facts and Procedural History

As stated previously, in May 2022, the Jordans entered into a contact with Woods Construction to construct a house and a metal building on their property. Per the terms of the contract, the Jordans agreed to pay Woods Construction $330,000 to build those structures. According to Woods Construction, the Jordans were required to pay the company the "first draw of $85,000." Although the Jordans contend that they paid the first payment, Woods Construction asserts that the Jordans refused to pay and that, as a result, "the project was put on hold until payment was made."

In March 2023, Woods Construction commenced this action against the Jordans, asserting breach-of-contract and unjust-enrichment claims as a result of the Jordans' alleged failure to make the requested payment. The company also sought compensatory damages plus any applicable interest and costs. Woods Construction also filed a "Notice of Lis Pendens/Lien" in the Dallas Probate Court.

3

On July 17, 2023, the Jordans filed a motion to dismiss or, in the alternative, for a summary judgment. In their motion, the Jordans asserted that, at the time Woods Construction began building the house and metal building on their property, the company was not properly licensed with the Alabama Home Builders Licensure Board ("the Board") in accordance with § 34-14A-5(a)(1), Ala. Code 1975, which provides that "[a]ll residential home builders shall be required to be licensed by the Home Builders Licensure Board annually."

According to the Jordans, because Woods Construction did not have the requisite license, the company could not maintain its action against them. See § 34-14A-14(d) (providing that "[a] residential home builder, who does not have the license required, shall not bring or maintain any action to enforce the provisions of any contract for residential home building which he or she entered into in violation of [the Licensure Act]" (emphasis added)). As a result, the Jordans argued that they were entitled either to have Woods Construction's claims against them dismissed or, in the alternative, to a summary judgment in their favor.

In support of their assertions, the Jordans purportedly attached "Exhibit B" to their motion, which included a copy of § 34-14A-14; the

4

affidavit of J.R. Carden, Jr., the Executive Director of the Board; the Board's investigative file regarding Woods Construction; and an "Administrative Resolution" from the Board. In the resolution, Woods Construction admitted that it had engaged in residential construction at the Jordans' property without a license, in violation of the Licensure Act, and, thus, agreed to pay a $1,000 fine.

At the same time the Jordans filed their motion, the Jordans also filed an answer to Woods Construction's complaint, in which they denied all the allegations against them and repeated their arguments in support of their motion. They also asserted breach-of-contract and negligence counterclaims. Specifically, the Jordans alleged that Woods Construction had breached the contract at issue and had been negligent "by failing to properly comply with the terms of the contract and by failing to perform the construction work in a good, proper, and workmanlike manner." They sought compensatory damages in excess of $250,000.

After the Jordans amended their motion, Woods Construction filed a brief in opposition to that motion on August 17, 2023. Woods Construction first argued that it could not properly defend itself against the arguments made in the Jordans' motion because the primary exhibit

5

on which they had relied -- Exhibit B -- was not attached to either their original or their amended motion.[1] Even so, Woods Construction attempted to refute the arguments made in the Jordans' motion. Although Woods Construction acknowledged that it could not sue the Jordans to recover the costs it had incurred building the Jordans' <u>house</u> because it lacked the required home-builder's license, it asserted that it did not need such a license to build the Jordans' <u>metal building</u> and, thus, could move forward with its action against the Jordans to recover the costs it had incurred building that structure.

At some point, the circuit court entered an order denying the Jordans' motion to dismiss but resetting their motion for a summary judgment for a hearing on December 8, 2023, and that hearing was held. According to the Jordans, during the hearing, Woods Construction "requested additional time to respond to the Motion for Summary

---

[1]It appears to this Court that Exhibit B was not originally attached to the Jordans' motion but was, instead, filed with the circuit court after Woods Construction filed its brief in opposition to their motion. We note, however, that that exhibit was available for Woods Construction to consider and review many months before the summary-judgment hearing and before the circuit court entered a summary judgment. It thus appears that Woods Construction could have properly defended itself against the Jordans' motion.

Judgment."

Then, on March 4, 2024, the Jordans filed a "Motion for Ruling on Defendants' Pending Motion for Summary Judgment." The Jordans argued that their summary-judgment motion was due to be granted because Woods Construction had acknowledged in the administrative resolution that it had violated § 34-14A-5(a)(1) and it had not provided any additional response to the pending motion pursuant to its request at the summary-judgment hearing.

The circuit court then entered a summary judgment in favor of the Jordans on Woods Construction's claims against them and declared the company's "Notice of Lis Pendens/Lien" null and void. In that same order, the circuit court also made clear that the Jordans' counterclaims against Woods Construction would remain pending. It further certified its order as final pursuant to Rule 54(b) after finding that there was no just reason for delay. Woods Construction appealed.

Standard of Review

In reviewing a circuit court's order certifying its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., the standard of review is as follows:

7

"'Whether the action involves separate claims and whether there is a final decision as to at least one of the claims are questions of law to which we will apply a de novo standard of review. Whether there was "no just reason for delay" is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.'"

Rogers v. Cedar Bluff Volunteer Fire Dep't, 387 So. 3d 131, 135 (Ala. 2023) (quoting Scrushy v. Tucker, 955 So. 2d 988, 996 (Ala. 2006)).

Discussion

Woods Construction raises several arguments on appeal as to why § 34-14A-14(d) does not bar it from bringing claims to recover the cost of constructing the metal building. However, we cannot consider the merits of its arguments because, as explained below, the circuit court's Rule 54(b) certification was improper and, thus, Woods Construction's appeal is due to be dismissed.

Although neither party challenges on appeal the appropriateness of the circuit court's Rule 54(b) certification, it is well settled that this Court is "'"duty bound to notice ex mero motu the absence of subject-matter jurisdiction."'" Rogers, 387 So. 3d at 135 (quoting Baldwin Cnty. v. Bay Minette, 854 So. 2d 42, 45 (Ala. 2003), quoting in turn Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941, 945 n.2 (Ala. 1994)).

8

"Without subject-matter jurisdiction, this Court has no authority to consider the merits of an appeal." Id. (citing Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So. 3d 419, 422 (Ala. 2011)). Accordingly, before this Court can reach the merits of any of Woods Construction's arguments on appeal, we must first determine whether the circuit court properly certified its summary judgment in favor of the Jordans as final under Rule 54(b). See Loachapoka, 74 So. 3d at 422.

Generally, a trial court's judgment is not final unless it resolves all claims against all parties. Cox v. Parrish, 292 So. 3d 312, 315 (Ala. 2019). Rule 54(b) provides a limited exception to this general rule and states, in relevant part:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Nevertheless, "[b]ecause this Court disfavors piecemeal appellate review, we have consistently cautioned trial courts that certifications under Rule 54(b) should be entered only in exceptional cases." Cox, 292 So. 3d at 315.

This Court has previously discussed factors to be taken into account

9

when reviewing a judgment certified as final pursuant to Rule 54(b) to determine whether the trial court exceeded its discretion in finding that there was "no just reason for delay." For example, in some cases, we have considered whether "'the issues in the claim being certified and a claim that will remain pending in the trial court "'are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.'"'" Rogers, 387 So. 3d at 135-36 (quoting Schlarb v. Lee, 955 So. 2d 418, 419-20 (Ala. 2006), quoting in turn Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So. 2d 88, 95 (Ala. 2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So. 2d 1373, 1374 (Ala. 1987)).

This Court has also considered "'whether the resolution of claims that remain pending in the trial court may moot claims presented on appeal.'" Rogers, 387 So. 3d at 136 (quoting Lighting Fair, Inc. v. Rosenberg, 63 So. 3d 1256, 1264 (Ala. 2010)). For example, in Lighting Fair, a dispute arose among certain materialmen, the homeowners, a construction company, and a bank regarding the alleged failure to pay for the materials used in a home-construction project. The homeowners asserted cross-claims against the construction company and the bank.

10

Relying on a provision in the construction contract, the trial court ordered the homeowners to arbitrate their claims against the construction company. While the arbitration proceeding was pending, the trial court entered a summary judgment in favor of the bank and the homeowners on the materialmen's claims and in favor of the bank on the homeowners' cross-claims. The trial judge certified its summary judgments as final pursuant to Rule 54(b). This Court concluded that the resolution of the arbitration proceeding could cause some of the claims at issue on appeal to become moot. Accordingly, this Court held that the trial court had erred in certifying its judgments as final and dismissed both appeals.

Our Court has maintained this position in some of our more recent decisions. See, e.g., Rogers, 387 So. 3d at 136 (holding that, because the resolution of the appellant's claim against the employee still pending in trial court could moot the appellant's claim against the employer asserted under a theory of respondeat superior, the trial court had erred in certifying its summary judgment in favor of the employer as final); Cox, 292 So. 3d at 316 (holding that, because the resolution of the appellees' declaratory-judgment claim still pending in trial court could moot the appellant's counterclaim, the trial court had exceeded its discretion in

certifying judgment dismissing that counterclaim as final pursuant to Rule 54(b)).

As stated previously, here, Woods Construction sued the Jordans, asserting breach-of-contract and unjust-enrichment claims arising out of the Jordans' alleged failure to pay for work completed by the company. The Jordans filed two counterclaims against Woods Construction -- one alleging breach of contract and one alleging negligence -- based on the company's alleged failure "to properly comply with the terms of the contract and … to perform the construction work in a good, proper, and workmanlike manner." According to the Jordans, because Woods Construction had failed to perform the agreed-upon work in a proficient manner, their duty to pay under the contract was never triggered.

Thus, both the claims asserted by Woods Construction and the counterclaims asserted by the Jordans concern the same contract, the same construction work, and the same buildings on the same real property. In other words, the factual underpinnings of Woods Construction's adjudicated claims against the Jordans are the same as those of the Jordans' unadjudicated counterclaims against Woods Construction, and, therefore, their claims are "inextricably intertwined"

12

with one another. See Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 913 (Ala. 2013) (citing Speigel v. Trustees of Tufts Coll., 843 F.2d 38, 45 (1st Cir. 1988)) (holding that an appeal from a judgment certified as final pursuant to Rule 54(b) was not appropriate when "[t]he factual underpinnings of the adjudicated claims are the same as those of the unadjudicated counterclaim").

Moreover, as in Lighting Fair, supra, the circuit court's resolution of the Jordans' counterclaims may moot Woods Construction's arguments on appeal because, in deciding the Jordans' counterclaims, the circuit court must determine whether Woods Construction first breached the contract by improperly constructing the Jordans' house and metal building. If Woods Construction is found to have breached the contract by improperly constructing the Jordans' house and metal building, then Woods Construction would necessarily lose on the merits of its own claims, arising from its allegation that the Jordans failed to pay for the potentially faulty construction. As a result, Woods Construction would have no claims that could potentially be barred by its failure to obtain the residential-home-builder's license, which is the basis on which the circuit court entered the summary judgment. In other words, Woods

Construction's arguments on appeal would be moot and there would be no need for us to review the circuit court's summary judgment in favor of the Jordans on the basis that Woods Construction, as a residential-home builder without the proper license, was barred from bringing a civil action against the Jordans to enforce the contract.

Because the review of the issues decided by the circuit court on summary judgment would require this Court to resolve claims that are potentially moot, we conclude that the circuit court exceeded its discretion in finding that there was no just reason for delay and in certifying its judgment as final pursuant to Rule 54(b). Accordingly, Woods Construction's appeal is due to be dismissed as having been taken from a nonfinal judgment. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004) ("A nonfinal judgment will not support an appeal.").

Conclusion

Because the circuit court's Rule 54(b) certification was improper, we dismiss the appeal.

APPEAL DISMISSED.

Parker, C.J., and Shaw, Wise, Bryan, Mendheim, Stewart, and

Mitchell, JJ., concur.

Sellers, J., concurs in the result.